IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTIN MARIE SMITH, and LLOYD SMITH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| vs. | | Case No. 2:16-cv-24 |
| TOYOTA MOTOR CORP, 1 Toyota-cho, Toyota City, Aichi Prefecture 471, Japan | | JURY TRIAL DEMANDED |
| and | | |
| TOYOTA MOTOR SALES U.S.A. INC, 19001 S. Western Avenue Torrance Torrance, California 90509 | | |
| Defendants. | | |

## COMPLAINT – PRODUCT LIABILITY

COME NOW Plaintiffs, KRISTIN MARIE SMITH and LLOYD SMITH, through counsel, and for their Complaint submit the following:

1.

KRISTIN MARIE SMITH is a citizen of the State of Missouri and resides at 11996 145th Street, La Belle, Missouri. LLOYD SMITH is a citizen of the State of Missouri and resides at 11996 145th Street, La Belle, Missouri.

2.

Toyota Motor Corp. [hereinafter referred to as "*TMC*"] is a Japanese corporation that designs and manufactures automobiles for sale in the U.S., including Missouri. *TMC*'s corporate address is 1, Toyota-cho, Toyota City, Aichi Prefecture 471, Japan. *TMC* is susceptible to

jurisdiction in Missouri because it transacts business in this state; it derives substantial revenue from this state; and it committed a tort in whole or part in the State of Missouri. *TMC* may be served with process as permitted by law.

3.

Toyota Motor Sales U.S.A. Inc., [hereinafter referred to as "*TMS*"] is incorporated in a state other than Missouri engaged in the business of designing, manufacturing, marketing and/or distributing automobiles in the U.S., including Missouri. *TMS's* corporate address is 19001 S. Western Avenue, Torrance, California 90509. *TMS* is susceptible to jurisdiction in Missouri because it transacts business in this state; it derives substantial revenue from this state; and it committed a tort in whole or part in the State of Missouri. *TMS* may be served with process as permitted by law.

4.

This Court has subject matter jurisdiction pursuant to § 28 USC 1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper in this Court because the rollover which is the subject of this suit occurred in Lewis County, Missouri.

5.

The vehicle which forms the basis for this suit is a 1997 Toyota 4Runner designed, manufactured, marketed and distributed by the defendants. At all times relevant to the incident which forms the basis for the complaint, the Toyota defendants were engaged in a joint venture with respect to the design, marketing, testing and distribution of the vehicle in question.

6.

On August 7, 2012, KRISTIN MARIE SMITH was driving her 1997 Toyota 4Runner west on Highway 6 in Lewis County, Missouri. As Mrs. Smith was operating her Toyota, she was suddenly presented with a curve that was inappropriately and inadequately marked. As she entered the curve, her side tires encountered unexpected gravel and/or other material that posed a danger to the driver as she attempted to negotiate the curve. When she hit the unexpected material, the back end of the vehicle began to yaw. As the driver tried to the correct the yaw, the vehicle began to spin. During the course of the spin, the vehicle rolled over due to the design characteristics of the Toyota. During the course of the rollover, the safety belt system failed to perform safely and Ms. Smith was ejected suffering serious injuries. The plaintiff contends that the Toyota defendants sold and supplied a defective product, the 4Runner, which was unreasonably dangerous, and that they were negligent in designing, manufacturing, testing, marketing, warning and distributing the vehicle in question. The defendants are jointly and severally liable in proximately causing the loss of control and subsequent rollover incident that resulted in the severe injuries to Ms. Smith.

## COUNT I – STRICT LIABILITY

7.

At all times relevant to the Complaint, the Toyota defendants were in the business of designing, manufacturing, marketing, testing and otherwise distributing automobiles and safety devices for automobiles. The vehicle in question was defective and unreasonably dangerous at the time it left the hands of the defendants. The vehicle is defective and unreasonably dangerous because (a) it has an unreasonable tendency to roll over in ordinary accident avoidance maneuvers; (b) it was marketed in a dangerous manner, which led consumers to believe that the vehicle was safe to use as a station wagon-type replacement; and (c) the vehicle was designed

without adequate and reasonable levels of occupant protection in the event of a rollover. At the time of the roll over the vehicle was being used in a manner reasonably anticipated by the Toyota defendants. The defective nature of the vehicle proximately caused the rollover crash and increased the extent and severity of the injuries to the plaintiff.

## COUNT II – NEGLIGENCE – TOYOTA DEFENDANTS

8.

At all times relevant to the Complaint, each of the defendants owed plaintiff KRISTIN MARIE SMITH a duty of reasonable care. The defendants were negligent in that they failed to use ordinary and reasonable care for the safety of plaintiff KRISTIN MARIE SMITH and their negligence combined to proximately cause the injuries and damages suffered by the plaintiff. The Toyota defendants, and each of them individually, were negligent in the designing the 4Runner from a handling, stability, and rollover standpoint; negligent in marketing the 4Runner for the uses for which it was marketed without fully disclosing to consumers the dangers associated with using the vehicle as Toyota intended it to be used; negligent testing of the 4Runner to ensure that it was reasonably safe for the uses for which it was marketed, and negligently testing the occupant restraint system to ensure it would operate and function properly in the event of a rollover, none of which was covered by any federal standards; negligent in failing to provide reasonable and adequate warnings about the dangers associated with the vehicle; negligent in failing to recall it in a timely and proper fashion given its advanced knowledge of the suspension problems associated with the design, restraint problems, and rollover history; and negligent failure to comply with applicable law requiring that consumers be notified of defects in vehicles and vehicle safety systems in a timely and efficient manner. The

negligence of the defendants combined to proximately cause this accident, the plaintiff' injuries and an increase in the severity of the injuries.

## COUNT III – BREACH OF WARRANTY

9.

At all times relevant to the Complaint, the Toyota defendants were "merchants" in the business of supplying "goods". The vehicle involved in this case is a "product" sold for consumer usage. As such, the Toyota defendants breached the warranties of merchantability and fitness of a particular purpose in that the vehicle was not fit for ordinary use or for the intended use for which it was purchased. These breaches of warranty proximately resulted in the accident, injuries and damages suffered by the plaintiff.

10.

As a proximate result of the conduct of the defendants, KRISTIN MARIE SMITH suffered injuries and damages for which compensation is required. The plaintiff is seeking monetary damages from the defendants to compensate her for the following elements of damage:

14.1   Past medical expenses in an amount of at least $310,657.89;

14.2   Future medical expenses in an amount to be determined;

14.3   Conscious pain and suffering;

14.4   Permanent injuries;

14.5   Mental anguish;

14.6   Emotional distress;

14.7   Loss of society and companionship;

14.8   Loss of enjoyment of life; and

14.9   Loss of income and/or economic support.

The plaintiff reserves the right to prove the amount of damages at trial. The amount of compensatory damages will be in an amount to be determined by the jury.

11.

In addition to compensatory damages, the plaintiff seeks punitive damages against the Toyota defendants based on willful, malicious, intentional and gross negligence. The conduct justifying an award of punitive damages includes, but is not limited to, the defendants' willful, malicious, intentional and gross negligence in the design, manufacturing, marketing, testing and distribution of a product which it knew was unreasonably dangerous and defective and not fit for the use to which it was marketed. The amount of punitive damages to be awarded is within an amount to be set by the jury.

## COUNT IV – LOSS OF CONSORTIUM

12.

LLOYD SMITH, is the husband of KRISIN MARIE SMITH. LLOYD and KRISTIN MARIE SMITH have been together since approximately 1985. As a result of the serious painful and permanent injuries sustained by KRISTIN MARIE SMITH, LLOYD SMITH has been deprived of her healthy society, companionship and support all to his damage.

13.

The plaintiffs reserve the right to amend their petition to add additional counts as discovery continues.

WHEREFORE, PLAINTIFFS PRAY JUDGMENT against all of the DEFENDANTS, jointly and severally, for actual damages in an amount in excess of $75,000, exclusive of interest and costs, for their costs, pre-judgment and post-judgment interest, for punitive damages against

the Toyota defendants in order to punish and deter the Toyota defendants from like conduct in the future, and for such other and further relief as the Court deems just and proper, the premises considered.

Respectfully submitted, this 28th day of April, 2016.

**DOWD & DOWD, P.C.**

By: /s/ Douglas P. Dowd
DOUGLAS P. DOWD (29240MO)
doug@dowdlaw.net
LIA OBATA DOWD (60999MO)
lia@dowdlaw.net
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
Ph: (314) 621-2500
Fax: (314) 621-2503

and

**TURNER & ASSOCIATES, P.A.**
C. TAB TURNER
tab@tturner.com
4705 Somers Avenue
North Little Rock, AR 72116
Ph: (501) 791-2277

*Attorneys for Plaintiffs.*