UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTIN M. SMITH, and ) | |
| LLOYD SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 2:16-cv-24-CEJ |
| vs. ) | |
| ) | |
| TOYOTA MOTOR CORP., and ) | |
| TOYOTA MOTOR SALES U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE TOYOTA MOTOR CORPORATION'S AFFIRMATIVE DEFENSES, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move this Court for an order striking Defendant Toyota Motor Corporation's (TMC) affirmative defenses as set forth in paragraphs 15-27 of Defendant TMC's Answer to Plaintiffs' Complaint. In the alternative, Plaintiffs move the Court to order Defendant TMC to provide a more definite statement of those affirmative defenses Pursuant to Rule 12(e).

**I.  Motion to Strike**

1. Under Federal Rule of Civil Procedure 12(f) a Plaintiff may move to strike "from a pleading an insufficient defense." Although Fed. R. Civ. P. 8(a) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' the pleading must be detailed enough to 'give the [adversary] fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Dorsey v. American Express Co.*, 499 F. Supp. 2d 1, 3 (D.D.C. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted)); *see, e.g.*, *Fraternal Order of Police v. Library of Congress*, 692 F. Supp. 2d 9, 20

1

(D.D.C. 2010) ("Because the Court cannot ascertain what the [pleader]'s promotion-related claim is, it cannot find that [the adversary is] able to respond to it."); See also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2. All of Defendant's affirmative defenses set forth in Paragraphs 15-27 are inadequate because Defendant fails to set forth any particulars in support of these purported defense. The pleadings contain no description of any factual allegations which demonstrate reasons why Defendant is entitled to the affirmative defenses pleaded. While a pleading does not need detailed factual allegations, it must assert sufficient facts to provide the adversary with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). These affirmative defenses are improper, insufficient pleadings, and should be stricken under Rule 12(f).

3. Defendant's failure to plead any facts in support of its defenses deprives Plaintiffs of the required notice of the nature of the defenses being asserted and the facts relied on in support of the defenses. Defendant's bare allegations prevent Plaintiffs from performing discovery regarding the defenses, preparing pleadings responding to the defenses, and preparing for trial. By way of example, the affirmative defense contained in paragraph 15, contends that "Plaintiffs' Petition fails to state a claim upon which relief can be granted as to TMC." Defendant fails to include any facts in support of this bare legal conclusion and therefore Plaintiffs cannot properly perform discovery on this issue or prepare for trial. This affirmative defense fails to satisfy the minimum pleading requirements of Rule 8 and should be stricken.

4. The affirmative defense contained in paragraph 16 of Defendant Answer relies on the comparative negligence of Plaintiff Kristin Marie Smith without alleging a single fact in support of its claims. Comparative fault is a fact-sensitive issue which requires the same

pleading as any claim of negligence. Thus, a conclusory allegation of comparative fault without pleading facts in support is an inadequate pleading. Therefore, Defendant's allegations of comparative fault should be stricken.

5. Defendant's affirmative defenses contained in paragraphs 17 and 18 seek apportionment of fault in conclusory terms and therefore do not comply with the minimum pleading requirements of Rule 8. These defenses are insufficient in that they are not limited to the other Defendant in the case, and apportionment of fault with those who are not parties is not recognized as an affirmative defense in Missouri. *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 641 (Mo. 1987) ("In Missouri, fault is only to be apportioned among those at trial."). Therefore, Defendant's allegations of apportionment of fault contained in paragraphs 17 and 18 should be stricken as a matter of law.

6. The affirmative defense contained in paragraph 19 of Defendant's answer claims "that the subject vehicle conformed to, and was in compliance with the state of the art applicable to the design, manufacturing and labeling of the subject vehicle, and that the subject vehicle conformed to and was in compliance with any applicable government and industry standards." While pleading state of the art as provided by statute is a recognized affirmative defense, Defendant has failed to cite the applicable statute as well as the applicable government and industry standards that it claims it has complied with. Therefore, Defendant's allegations of compliance with state of the art should be stricken.

7. Defendant's affirmative defense contained in paragraph 20 of its answer alleges that Plaintiffs' claims that seek recovery based upon an alleged defective and/or dangerous restraint system are preempted by federal law pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (49 U.S.C. Section 30103, et. Seq.), and the regulations issued by

the Secretary of Transportation, known as the Federal Motor Vehicle Safety Standards. Defendant fails to cite to the statutory section of the Federal Motor Vehicle Safety Standards that it relies upon. Further, Defendant fails to plead any facts in support of the application of these federal laws and regulations to the facts of this case, and fails to give any further explanation of why Plaintiffs claims would be preempted. These "defenses" provide no notice to Plaintiffs of the defenses or legal theories relied upon by Defendant, and are nothing more than vague and bare legal conclusions. As such they are in violation of the minimum pleading requirements of Rule 8 and should be stricken.

8. Defendant's affirmative defenses contained in paragraphs 21 and 22, allege that "Plaintiffs' claim for breach of express warranty is barred by the expiration of the applicable express warranty period" and that "Plaintiffs' claim for breach of implied warranty is barred by the expiration of the applicable statute of limitations pursuant to Mo. Rev. Stat. § 400.2-725." These paragraphs violate the minimum pleading requirements of Rule 8 by failing to allege any facts in support of these defenses. Because not a single fact has been alleged in support of the defenses, paragraphs 21 and 22 of Defendant's affirmative defenses should be stricken.

9. Defendant's affirmative defense contained in paragraph 23, states that "the design, manufacturing and labeling of the subject vehicle conforms to and was in compliance with any applicable government and industry standards in effect at the time of the subject vehicle's manufacture". However, Defendant fails to state which "applicable government and industry standards" the subject vehicle complies with and should therefore be stricken as a matter of law.

10. Defendant's affirmative defenses contained in paragraphs 25 and 26 and subparts allege that "Plaintiffs' Petition fails to state a claim for punitive damages" and "Plaintiffs' claim

for punitive damages violates TMC's state and federal constitutional rights…" respectively. These paragraphs fail to state any recognized affirmative defense, fail to provide any supporting facts as required by the minimum pleading standard of Rule 8, and are nothing more than bare legal conclusions. These affirmative defenses purport to show that the imposition of punitive damages would violate Defendant's constitutional rights. The Missouri Supreme Court and the United States Supreme Court have reaffirmed the availability of punitive damages in an appropriate case despite claims that the award of such damages violates various constitutional protections, including due process. See *Call v. Heard*, 925 S.W.2d 840 (Mo. 1996); *Estate of Overbey v. Chad Franklin Nat'l Auto Sales North, LLC,* 361 S.W.3d 364 (Mo.banc 2012); *BMW v. Gore,* 517 U.S. 559 (1996); *State Farm Mutual Automobile Ins. Co. v. Campbell,* 123 S. Ct. 1513 (2003). Because both the Missouri Supreme Court and the United States Supreme Court have determined that the award of such damages does not violate constitutional rights, the affirmative defense under paragraphs 25 and 26 should be stricken.

11. Defendant's affirmative defense contained in paragraph 27 is not a proper affirmative defense should be stricken as a matter of law. "An affirmative defense is a matter which serves to excuse a defendant's conduct or otherwise avoids the plaintiff's cause of action but which is proven by facts extrinsic to plaintiff's cause of action, in the sense that liability is avoided without negating an element of the plaintiff's prima facie case." *Donohue v. Am Isuzu Motors, Inc.,* 155 F.R.D. 515, 519 (M.D. Pa. 1994). Defendant's affirmative defense in paragraph 27 is nothing more than Defendant's attempt to preserve its legal remedies should Defendant fail to make a proper pleading. The defense plead in paragraph 27 therefore cannot be considered a defense at all (either affirmative or negative). This is of course improper – a party preserves a defense by pleading it, waives the defense by not pleading it, or requests leave

of court to amend and plead the defense out of time. Parties cannot "reserve the right" to later assert untimely defenses. Since Paragraphs 27 is not a proper affirmative defense under the law, it should be stricken.

12. Defendant's alleged affirmative defenses fail to notify the Plaintiffs of the essence of the allegations, are merely bare legal conclusions and fail to meet the minimum requirements of pleading affirmative defenses, in violation of Rule 8. Due to the lack of sufficient factual pleading, Plaintiffs are not able to properly perform discovery or prepare for the issues at trial. Fed. R. Civ. P. 12(f) allows a party to move to strike any "insufficient defense" and grants the Court authority to do so. Plaintiff respectfully requests that Defendant's affirmative defenses be stricken.

**IV.   In the Alternative, Defendant Should be Required to Make Its Affirmative Defense Allegations More Definite under Federal Rule 12(e).**

13. Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." When a party is unclear about the meaning of a particular allegation in its adversaries' pleadings, a motion for a more definite statement is proper. *Potts v. Howard University*, 269 F.R.D. 40, 42 (D.D.C. 2010), *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986)).

14. Plaintiffs are unable to prepare for trial or perform discovery on the issues based on the bare legal conclusions contained in the Defendant's Affirmative Defenses. Accordingly, if the Court decides not to strike Defendant's defenses outright, Plaintiffs respectfully request that the Court order Defendant to plead each of its purported affirmative defenses which are not stricken with specific facts supporting them and in full compliance with Rule 8(a).

**CONCLUSION**

Because the affirmative defenses asserted in Defendant's Answer to Plaintiffs' Complaint are insufficient, improper and fail to provide Plaintiffs with fair notice of what the defense is and the grounds upon which it rests, those paragraphs should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Should the Court decline to strike those paragraphs, then in the alternative, Defendant should be ordered pursuant to Rule 12(e) to provide a more definite statement of each of those affirmative defenses and file a sufficiently definite statement which complies with the requirements of Fed. R. Civ. P. 8(a).

DOWD & DOWD, P.C.

BY: /s/ Douglas P. Dowd
DOUGLAS P. DOWD (29240MO)
LIA OBATA DOWD (60999MO)
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
(314) 621-2500
Fax No. (314) 621-2503
doug@dowdlaw.net
lia@dowdlaw.net

and

TURNER & ASSOCIATES, P.A.
C. TAB TURNER
4705 Somers Avenue
North Little Rock, Arkansas 72116
(501) 791-2277
tab@tturner.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 8, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following:

Mr. Stephen M. Strum
Ms. Margaret L. Moore
Sandberg Phoenix and von GonTard P.C.
600 Washington Avenue – 15th Floor
St. Louis, MO  63101-1313
Fax No. (314) 241-7604
Telephone No. (314) 231-3332
sstrum@sandbergphoenix.com
mmoore@sandbergphoenix.com

Mr. Brian Mason
Mr. Kurt Kern
Mr. Craig D. Dupen
Mr. David P. Stone
BOWMAN AND BROOKE LLP
2501 North Harwood Street, Suite 1700
Dallas, TX 75201
972-616-1700
972-616-1701 (Fax)
Brian.Mason@bowmanandbrooke.com
Kurt.Kern@bowmanandbrooke.com
Craig.Dupen@bowmanandbrooke.com
David.Stone@bowmanandbrooke.com

*Attorneys for Defendants*

                                               /s/ Douglas P. Dowd
                                               DOUGLAS P. DOWD