

**TURNER & ASSOCIATES, P.A.**
**Attorneys at Law**

4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
501-791-2277

**Tab Turner**
tab@tturner.com

November 6, 2017

**VIA ECF FILING**

The Honorable E. Richard Webber
Senior United States District Judge
UNITED STATES DISTRICT COURT
The Eastern District of Missouri
111 South 10th Street
St. Louis, MO  63102

      Re:    *Smith v. Toyota*.
               Case No. 2:16-CV-00024-ERW

Dear Judge Webber:

      We represent Plaintiffs in the referenced lawsuit. Two issues have arisen that we (Plaintiffs) believe a phone call with the Court can help resolve on an expedited basis. The purpose of this letter is to request a brief call as per a suggestion made at our last hearing about contacting the Court.

      One issue relates to the deadline for completing expert depositions, which is currently December 22, 2017. In short, the parties may need to spill over into January in order to complete the depositions, and would like the Court's permission to do so if necessary. The parties have conferred and we believe this would have no impact on any other deadline.

      The second issue relates to Plaintiffs desire to remove one expert from our previous disclosure and add two (2) others by way of supplemental disclosure. The expert proposed to be removed was felt to be duplicative given the discovery that has been conducted. There is of course no objection to the removal. Of the two experts Plaintiffs seek to add, one (Mr. Gilbert) would take on topics already covered by one of our existing experts (Mr. Arndt). In simple terms, Mr. Arndt was originally chosen to cover topics A-D (by way of example) because Mr. Gilbert was not available for trial when the original designations were completed. Since that time, trial was rescheduled and Mr. Gilbert is available in 2018. We are therefore proposing to amend our designation to add

1

Smith v. Toyota.
Case No. 2:16-CV-00024-ERW
Letter to Court – 6 Nov 2017

Mr. Gilbert so that Mr. Arndt covers topics A-B and Mr. Gilbert covers topics C-D. Neither would be duplicative of the other and neither would add any topic not previously disclosed. We are in essence proposing to have a different face for two of the topics. We advised counsel for Toyota of our plan back in September at the Toyota employee depositions. Since that time, we have been scheduling expert depositions and counsel promptly alerted us of an objection to our proposed amendment to add Mr. Gilbert thus resulting in this letter.

The second witness is a physician with whom Plaintiffs would like to not only call to discuss care and treatment, but would also like to have present certain opinion testimony about present condition, future treatment, disability, permanency, and future expectations given the nature of the injuries and the passage of time. We likewise advised counsel for Toyota of this plan back at the Toyota employee depositions in September. The summary of anticipated testimony of each is attached hereto as *Exhibit A*.

Although neither issue is considered an "emergency', we thought it might be wise to request the Court's assistance with the issues on an expedited basis <u>before</u> the expert depositions actually start later this month (in two weeks). That in essence is why we opted to reach out by letter rather than the formal motion route.

If the Court is amenable, Plaintiffs suggest a phone call with the Court. Plaintiffs believe the issue can be discussed and resolved without briefing, but if the Court or Toyota would prefer something in writing from each side first, we can certainly accommodate Toyota, but would ask it be on an expedited basis, and possibly even in one joint submission to the Court. The reason for the timing issue is because Plaintiffs need to know the Court's ruling <u>before</u> the first expert deposition proceeds in two (2) weeks. Although we do not believe there is any prejudice to Toyota under the circumstances presented, especially given that no new subjects are being added, we fully recognize and respect Toyota's right to share its views either orally, in writing, or both.

We thank you in advance for your prompt consideration and guidance.

        Respectfully,

        /s/ C. TAB TURNER

        Tab Turner

CTT/tm

cc.    Kurt Kern
       Doug Dowd
       Stephen Strum

Smith v. Toyota.
Case No. 2:16-CV-00024-ERW
Letter to Court – 6 Nov 2017

# **<u>EXHIBIT A</u>**

**INITIAL DISCLOSURE**

**Mark Arndt**
*TRANSPORTATION SAFETY TECHNOLOGIES, INC.*
**P.O. Box 30717**
**Mesa, AZ 85275**
Mr. Arndt is expected to address issues relating to vehicle design; vehicle handling; stability or rollover resistance; accident reconstruction; vehicle motion; alternative safer designs; and the role that design, handling and stability of the vehicle played in causing or contributing to the rollover in question. Mr. Arndt has vast experience with SUV design and performance issues, including the 4Runner.

**PROPOSED AMENDED DISCLOSURE**

**Mark Arndt**
*TRANSPORTATION SAFETY TECHNOLOGIES, INC.*
**P.O. Box 30717**
**Mesa, AZ 85275**
Mr. Arndt is expected to address issues relating to accident reconstruction, including vehicle motion in this accident and alternative safer design analysis and testing. Mr. Arndt has vast experience with SUV design and performance issues, including the 4Runner.

**Micky Gilbert**
**GILBERT ENGINEERING, LLC**
**16254 West 77th Lane**
**Arvada, CO  80007**
Mr. Gilbert is expected to address vehicle design; vehicle handling; stability and rollover resistance of the vehicle design (4Runner design). Mr. Gilbert has vast experience with SUV design and performance issues, including the 4Runner.

**Dr. David G. Kennedy**
**David G. Kennedy, M.D., P.C., Neurological Surgery**
**3009 North Ballas Road, Suite 269C**
**St. Louis, Missouri 63131**
Dr. Kennedy is a physician. He is expected to describe Ms. Smith's injuries, the nature and degree of those injuries, and the consequences associated with those injuries in terms of her ability to function on a daily basis. Absent a stipulation, he will also be prepared to address and reasonableness and necessity of the care, treatment, and charges rendered.