IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH , AND LLOYD SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC.<br><br>    Defendants. | Case No. 2:16-cv-00024-ERW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND EXPERT WITNESS DISCLOSURE**

COME NOW Plaintiffs, KRISTIN MARIE SMITH and LLOYD SMITH, and for Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Amend Expert Witness Disclosure state as follows:

**I.     Introduction.**

1.     Plaintiffs seek leave to amend their expert witness disclosures and endorse two experts on expert witness topics previously timely disclosed by Plaintiffs to Defendants. The first expert which Plaintiffs seek leave to disclose is Mr. Gilbert. Mr. Gilbert would partially replace Plaintiffs' previously disclosed expert, Mr. Arndt, and testify to two of the seven topics of expert testimony which Plaintiffs' timely disclosed.

2.     The second expert which Plaintiffs seek leave to disclose is Dr. David G. Kennedy, an orthopedic neurosurgeon, to testify as an expert in place of Ms. Smith's previously disclosed treating physicians and health care providers.  Dr. Kennedy would provide expert testimony related to Plaintiff Kristin Smith's past care and treatment, as well as her present condition, likelihood of future treatment, disability, permanency, future expectations given the nature of the injuries and the passage of time, and the necessity and reasonableness of Ms. Smith's medical bills.  Plaintiffs had originally timely disclosed as possible experts "any treating health care provider to address care, treatment, assessments, diagnosis, prognosis, and facts as set forth in medical records or in depositions."  *Exhibit 1*. To avoid the inconvenience of deposing several practicing physicians who have not treated or examined Kristin Smith in four years or more, Plaintiffs seek leave to allow Dr. Kennedy to testify regarding Kristin Smith's injuries based on his own recent examination and her medical records.

**II.     Legal Standard for Amendment of Expert Witness Disclosures.**

3.     When a party seeks to amend a Rule 26 expert disclosure after the deadline has passed, the Court should consider whether "the party's failure to comply is substantially justified or harmless."  Fed.R.Civ.P. 37(c)(1). "When fashioning a remedy [for a request to amend an expert disclosure after the deadline], the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).  The court has wide discretion in fashioning a remedy appropriate for the particular circumstances of a case. *See Id*. Furthermore, "the exclusion of evidence is a harsh penalty and should be used sparingly[.]" *Id.* citing *ELCA Enters. v. Sisco Equip. Rental & Sales,* 53 F.3d 186, 190 (8th Cir.

2

1995). Additional relevant factors that the Eighth Circuit has discussed in this context, among others, include the opposing party's need for time to prepare for the testimony and the ability of that party to cure the prejudice. *See Marti v. City of Maplewood*, 57 F.3d 680 (8th Cir. (Mo.) 1995).

**III.   Previous Amendments to the Case Management Order.**

4.   On April 28, 2016, the Complaint that forms the basis for the present litigation was filed in the Eastern District of Missouri, Northern Division.

5.   On August 12, 2016, the Court entered its original Case Management Order, setting the case for trial on October 2, 2017.

6.   On August 31, 2016, Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc., submitted their Rule 26(a)(1) Initial Disclosure Statements. *Exhibits 2 and 3.*

7.   On February 2, 2017, the Court granted the parties' Joint Motion to Amend the Case Management Order of August 12, 2016, ordering Plaintiffs to disclose all expert witnesses by February 2, 2017, and have the depositions completed by May 19, 2017, and Defendants to disclose all expert witnesses by March 2, 2017, and have the depositions completed by May 19, 2017.

8.   On February 2, 2017, Plaintiffs submitted their Initial Expert Disclosure. *Exhibit 1.*

9.   On June 19, 2017, the Court entered an Amended Case Management Order that established a trial date of April 23, 2018, and a date of December 22, 2017 in which to have all of the expert witnesses' depositions completed.  The parties entered into an agreement, memorialized as part of the scheduling order, that waived the requirement of expert witness reports, but preserved the right of each party to depose the experts proffered by the other.

10. On June 22, 2017, Plaintiffs confirmed with counsel for Toyota that the fact depositions of Toyota corporate representatives would be scheduled for September 28, 2017, in Texas. The delay was necessitated because of Toyota's unavailability.

### IV. Defendants Would Not Be Prejudiced By The Designation of Mr. Gilbert.

11. On September 28, 2017, the depositions of Toyota's corporate representatives were taken in Texas. The Toyota employee depositions were delayed for months due to Toyota-related internal issues, which in turn delayed the process of the expert-related discovery. During the course of those depositions, Plaintiffs advised Toyota that they desired to remove one expert from the February designation and add two experts to the designation. The expert proposed to be removed was felt to be duplicative given the discovery conducted to date. Of the two experts Plaintiffs sought to add, one (Mr. Gilbert) would be assigned topics already covered by one of our existing experts (Mr. Arndt). For example, Mr. Arndt was originally chosen to cover topics 1-4 because Mr. Gilbert was not available for trial when the original designations were completed. Since that time, trial was rescheduled and Mr. Gilbert became available in 2018. Plaintiffs therefore proposed to the Toyota Defendants that the designation be amended to simply add Mr. Gilbert so that Mr. Arndt would testify about topics 1-2 and Mr. Gilbert would cover topics 3-4.

12. Neither witness would be duplicative of the other and, more importantly, the proposed change does **not** add new information, new records, new testing, or any opinion or testimony not previously disclosed. Plaintiffs in essence proposed to have a different face for two of the topics disclosed seven (7) months earlier. The reason for the addition of Mr. Gilbert is because Mr. Gilbert was the engineer who actually conducted the testing relied on by Mr. Arndt. Given that Mr. Gilbert is now available for trial, it is much easier and more efficient to have Mr.

Gilbert appear and testify about the testing he performed rather than have Mr. Arndt simply rely on the same testing.

13. Toyota suffers no prejudice because the same testing is being used regardless of which witness testifies, no new or different opinions are being provided, no additional or new testing is being added, there is no surprise to Toyota because Toyota has faced this same testing in prior litigation, and no additional work will be required by Toyota to evaluate the testing because Toyota has cross-examined the same testing in prior litigation. Moreover, the referenced testing is the same referenced by Mr. Arndt in his designation in February, and there is no attempt to add new or additional subject matters, materials, or findings. The only change proposed is to relieve Mr. Arndt of having to cover all four (4) issues, and have him cover two (2) and Mr. Gilbert cover (2). The proposed change will also reduce the length of time Mr. Arndt has to be on the stand because now he only has to cover two (2) rather than four (4) topics.

14. Plaintiffs requested leave to amend Plaintiffs' expert designations <u>prior</u> to the deadline of expert discovery. To be exact, Plaintiffs informed Toyota of these additional designations in September of 2017, some three (3) months <u>before</u> expert discovery was scheduled to close. Plaintiffs timely designated the topics on which Plaintiffs' proposed expert, Mr. Gilbert, would testify, and made clear to Toyota that Mr. Gilbert was not adding topics, not adding substantive materials, not adding facts, and not adding any substantive testimony areas other than as designated in February. Since the disclosures, the trial date has changed and Mr. Gilbert has become available. Therefore, Plaintiffs respectfully seek leave to amend Plaintiffs' expert disclosures and endorse Mr. Gilbert as an expert.

**V.       Defendants Would Not Be Prejudiced By The Designation of Dr. Kennedy.**

15. In addition, Plaintiffs wish to identify Dr. David G. Kennedy, an orthopedic neurosurgeon, as an expert whom Plaintiffs would like to call as a witness to discuss Kristin Smith's past care and treatment, as well as her present condition, likelihood of future treatment, disability, permanency, future expectations given the nature of the injuries and the passage of time, and the necessity and reasonableness of Ms. Smith's medical bills. Ms. Smith has not seen her treating physicians for the injuries she sustained in the rollover of August 7, 2012 since 2013, nor did Toyota choose to depose any treating physicians during the discovery period, but instead, merely relied on medical records provided by counsel.

16. Kristin Smith sustained the following injuries in the rollover:

- Traumatic Brain Injury with intracranial bleed and facial fractures;
- Subarachnoid bleeding around both cerebral hemispheres and in basilar cistern and right lateral ventricle;
- Contusions of the right parietal lobe and left temporal lobe, with subdural hematomas on left and right;
- Lacerations of face, arm and left lower leg;
- Open Fracture of left arm;
- Left pneumothorax, status post chest tube placement;
- Left Lung Contusions;
- Multiple rib fractures;
- Intra-abdominal trauma liver contusion;
- Multiple lumbar fractures (L-1 to L-4) of transverse process;
- Fracture of left scapula;

- Fracture of left clavicle and

- Torn Gluteal muscle in right hip.

17. In Plaintiffs' initial disclosures, Plaintiffs timely disclosed as possible experts "any treating health care provider to address care, treatment, assessments, diagnosis, prognosis, and facts as set forth in medical records or in depositions." Rather than calling the various treating physicians that rendered medical services to Kristin Smith to physically travel and attend trial, Plaintiffs believe that having Dr. Kennedy testify on these subjects after having performed an IME on Kristin Smith on November 14, 2017 (*Exhibit 4)*, would be the most efficient means of informing the jury of the nature and extent of Ms. Smith's injuries and disabilities. This would avoid the inconvenience and cost of either taking video depositions of several practicing physicians, who have not treated or examined Kristin Smith in four years or more, or subpoenaing them to appear at trial. And Dr. Kennedy is well-qualified to testify regarding Kristin Smith's injuries based on his own recent examination and her medical records. Dr. Kennedy would be the only medical expert, significantly reducing the cost, burden and inconvenience to both the parties as well as to these treating doctors. This is also consistent with the directive of Federal Rule of Civil Procedure 1, which provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

18. Defendants will not be prejudiced in the least by having only Dr. Kennedy as the Plaintiffs' sole damage expert because five months remain prior to trial, Defendants will have a full and complete opportunity to cross-examine him with all of Ms. Smith's medical records, and Defendants will have ample opportunity to have a physician of their choice conduct an IME if they so desire.  Defendants themselves never objected to Plaintiffs' original Rule 26 disclosure

7

of treating physicians as witnesses regarding Plaintiffs' injuries, nor did Defendants ever choose to depose these doctors. The decision not to depose Plaintiffs' treaters previously shows that Defendants would not be significantly prejudiced by deposing Dr. Kennedy on these same subject matters at this time. *See Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd.*, 2015 WL 2176964, at *3 (E.D.Mo. 2015). Furthermore, during the telephonic hearing on November 15, 2017, defense counsel Stephen Strumm indicated that he was available to depose Dr. Kennedy on December 20, 2017. Plaintiffs' counsel has contacted Dr. Kennedy's office and he is holding that day open for his deposition. If the Court deems it necessary, Plaintiffs will shoulder the burden of the cost of Dr. Kennedy's deposition.

19.     The Court can take guidance from *Lael v. Six Flags Theme Parks Inc.*, 2014 WL 1389589, (E.D. Mo. 2014). There, the plaintiff did not timely disclose an expert on economic damages and sought leave of the Court to amend her disclosures. *Id.* at *3. In granting plaintiff leave to amend her disclosures to include the late-disclosed expert, the Court "consider[ed] the extent to which extending the deadlines would disrupt the order and efficiency of trial, and the importance of the information or testimony." *Id.* at *4, *citing Wegener v. Johnson*, 527 F.3d at 692. While the court in *Lael* found that "[p]laintiff ha[d] not shown substantial justification for delaying the disclosure of [the late-disclosed expert], or a similar lost wages expert." *Lael* at *4. The court "balance[d] the equities of excluding [the late-disclosed expert] against the prejudice to Defendant and disruption of the orderly progression of the litigation," and "conclude[d] that Plaintiff's motion for leave to amend her expert disclosure should be granted," because ten months remained prior to trial and any surprise or harm resulting from the untimely disclosure could be cured. *See Id* at *4-5.

8

20. Here, the case is set for trial April 23, 2018. Therefore, Defendants have five months to depose Dr. Kennedy, arrange for an IME of Ms. Smith, and make their medical expert available for deposition. In addition, the deadline for completing expert discovery has not yet passed. Given the time remaining before trial, Plaintiffs respectfully submit that Defendants will not suffer any prejudice should the Court permit Dr. Kennedy to be endorsed and testify in this case.

WHEREFORE, Plaintiffs move this Honorable Court make and enter its Order granting Plaintiffs' Motion to Amend Expert Witness Disclosure, and for such other and further relief as the Court deems just and proper the premises considered.

/s/ C. Tab Turner
C. Tab Turner
**TURNER & ASSOCIATES, P.A.**
4705 Somers Avenue, Suite 100
North Little Rock, Arkansas   72116
Ph. (501) 791-2277
Fax (501) 791-1251


*DOWD & DOWD, P.C.*


/s/ Douglas P. Dowd
DOUGLAS P. DOWD (29240)
doug@dowdlaw.net
LIA OBATA DOWD (60999)
lia@dowdlaw.net
211 North Broadway, Suite 4050
St. Louis, Missouri   63102
Ph: (314) 621-2500
Fax: (314) 621-2503

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following:

Mr. Stephen M. Strum
Ms. Margaret L. Moore
**SANDBERG PHOENIX & VON GONTARD, P.C.**
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
Phone: 314.231.3332
Facsimile: 314.241.7604
sstrum@sandbergphoenix.com
mmoore@sandbergphoenix.com

Mr. Craig Dupen
Mr. Kurt Kern
Mr. David Stone
**BOWMAN & BROOKE, LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Phone: 972.616.1700
Facsimile: 972.616.1701
Brian.Mason@bowmanbrooke.com
Kurt.Kern@bowmanbrooke.com
David.Stone@bowmanbrooke.com

*Attorneys for Defendants*
*Toyota Motor Corporation and*
*Toyota Motor Sales, U.S.A., Inc.*

                                                             /s/Douglas P. Dowd