**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| KRISTIN MARIE SMITH , AND LLOYD SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC. <br><br> Defendants. | Case No. 2:16-cv-00024-ERW |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION TO AMEND EXPERT WITNESS DISCLOSURE**

COME NOW Plaintiffs, KRISTIN MARIE SMITH and LLOYD SMITH, and for Plaintiffs' Reply to Defendant's Response to Motion to Amend Expert Witness Disclosure state as follows:

**INTRODUCTION**

While using buzz-phrases such as "additional discovery burdens", "restructuring of the defense", "unfair prejudice", and "gamesmanship", Defendant Toyota Motor Corporation's ("Toyota") Response to the Motion to Amend the Expert Witness Disclosure entirely fails to articulate any genuine definition of any of these descriptors that would justify denial of the request to amend.

**I.** **Plaintiffs' expert witness disclosure does not place "additional discovery burdens" on Toyota**

There are no "additional discovery burdens" being placed on Toyota. The facts clearly bear out that and, if anything, the discovery burdens would be less, not more. The use of Dr. Kennedy rather than four or five other physicians conserves time and expense and does not add discovery burdens. Likewise, dividing up the same four issues between Mr. Arndt and Mr. Gilbert does not add discovery burdens at all, but rather simply divides precisely the same issues between two witnesses rather than one witness. Toyota's argument is illogical and inconsistent with the facts.

**II.** **Toyota is not required to "restructure" any defenses based on Plaintiffs' disclosures**

Similarly, Toyota's argument that the amendment of the expert disclosure will require "restructuring of the defense" is, with all due respect, illusory. For instance, adding Mr. Gilbert does not change the issues at all. Plaintiffs' request does not add any new topics Toyota was not already defending, does not add new evidence for Toyota to defend, and does not add any new exhibits that did not already have to be defended. Toyota's claim that a "restructuring" would be necessary ignores reality and is little more than an illusory excuse, which is borne out by the fact that Toyota cannot even articulate what "restructuring" would be necessary. The same goes for Dr. Kennedy. Adding an IME is not a "restructuring" at all. The medical issues have not changed, the injuries have not changed, the claims have not changed, nor will Toyota be required to "restructure" anything. As referenced above, if anything, consolidating reduces the number of depositions and witnesses necessary to respond.

**III.** **Toyota has not demonstrated any "unfair prejudice"**

As for "unfair prejudice", Toyota again cannot articulate a valid explanation for any alleged "unfairness" because none exists. Using the phrase "unfair prejudice" is hollow without

some explanation. Here, none exists because, as concerns Mr. Gilbert, Toyota must concede, at least implicitly, that no new evidence is added, no new exhibits are added, no surprise therefore exists, and articulating an explanation of "unfairness" is therefore not reasonably possible. This is especially true where, as here, Toyota has deposed Mr. Gilbert numerous times in the past, is fully aware of who he is, what his anticipated testimony is, his credentials, his background, and his prior body of work with respect to the Toyota 4Runner vehicle. Given that his work and testing was already a topic of disclosure through Mr. Arndt, Toyota's claim of "unfairness" is particularly hollow. The same goes for Dr. Kennedy. Again, the issues have not changed; the records have not changed; the injuries have not changed; and there is no "surprise" that could even conceivably be defined as "unfair".

**IV.** **Plaintiffs are not engaged in "gamesmanship" of any sort and have worked diligently to complete discovery, which has been delayed by Toyota's own actions**

Lastly, Toyota's use of the word "gamesmanship" is untrue, unprofessional, and unbecoming of fine attorneys from respected firms, especially where the claim is unfounded and inconsistent with the history and factual record before the Court.

By way of example, a hearing was held on April 7, 2017, that involved the scope of discovery. Plaintiff desired certain historical records dating back well into the 80's. The Court ultimately granted certain requests by Plaintiffs and denied certain requests by Plaintiffs. At that time, trial was scheduled for October, 2017, some five-and-one-half months later. At that point, Plaintiffs had already been required to identify expert witnesses without the benefit of completing factual discovery. On page 53 of the transcript, beginning at line 3, counsel for Toyota advised the Court that the October trial date was very likely not manageable because the discovery that would be required after the Court decided the discovery issues would necessitate time for conducting the factual discovery. Counsel stated:

> **MR. STONE:** Your Honor, if I may, I appreciate the Court's -- the Court has done a lot of homework already and the Court is going to do additional homework. We appreciate that. Obviously I think the Court's ruling will in some way implicate some scheduling issues both in discovery and I think -- I think the trial setting is in October. Unless the Court goes with us straight down the line, which I really hope it does, <u>I think that October trial setting is probably by the wayside</u>. (emphasis added)

On that same page (page 53) the parties apprised the Court that, depending on the Court's rulings, Toyota would need to produce documents, but also produce witnesses from Japan, which would take time. In response, the Court advised the parties of its philosophy about these sorts of issues, as follows:

> **THE COURT:** Yeah. Well, to be -- just so you know kind of my philosophy about these things, <u>I'm not so interested in forcing strict compliance with the case management orders if it results in either party not having a fair opportunity to be ready for the trial</u>. At the same time I don't want to make any other statements. <u>If I say, yeah, okay, obviously we will reschedule the trial, then that sometimes has the propensity for counsel to devote their attention to other cases and put this on the back burner, and I don't want that to happen</u>. (emphasis added)

As referenced, the Court urged two fundamental rules: one being that the Court was <u>not</u> interested in "forcing strict compliance with the case management orders if it results in either party not having a fair opportunity to be ready for trial" and, secondly, that the Court did <u>not</u> wish to comment further on the schedule, or move the schedule from the October trial date, out of a concern or "propensity" for counsel to devote attention to "other cases and put this one on the back-burner".

Consistent with the Court's comments at the April 7 hearing, the Court issued its decision on the scope of discovery on or about April 21, some fourteen (14) days later. Proving that the parties promptly acted, on May 24, 2017, Toyota wrote to the Court advising the Court that Toyota had determined that, in addition to the production of documents, at least two Toyota

corporate representatives from Japan would be required to address the topics the Court found

relevant, but that those representatives, due to timing issues for introduction of new model 2018

vehicles, had responsibilities that made them unavailable for deposition until September, 2017.

Counsel's exact language stated:

> Based on our discussions, we have determined that at least two Toyota Corporate Representatives from Japan will be required to address the relevant topics raised by the Plaintiffs' Deposition Notices as ruled on following the hearing. <u>The Representatives are engineers who, due to the timing of the year and the release of new model year 2018 vehicles, have significant commitments over the next several months, including responsibilities associated with final certification of compliance tests that have to be conducted before August. Accordingly, Toyota proposed that it present its' Corporate Representatives for deposition the week of September 11th in Dallas, Texas. Although not ideal timing, counsel have extensive experience together and realize this is the best we can do under the circumstances.</u>
>
> Once corporate discovery is concluded, the parties would thereafter need to conduct depositions of Plaintiffs' experts – likely in the October/November time frame -- followed by presentation of Toyota's experts – likely in the November/December time frame. (emphasis added)

The foregoing is proof-positive of two significant points. First, the "three-month delay"

referenced by Toyota in its Response was not idle time where the parties were ignoring

preparation, but was a delay <u>due to Toyota</u>. During that time frame, counsel focused on

producing responsive documents and scheduling the corporate representative testimony in

September, which was what Toyota said was necessary. Secondly, the letter shows there was no

"gamesmanship" involved from Plaintiffs' perspective whatsoever. To the contrary, Plaintiffs

worked diligently to review the thousands of documents produced and prepare for the

depositions in September. Once Plaintiffs had time to review the materials produced by Toyota,

Counsel immediately advised Toyota at the depositions in September of the plan to withdraw one

expert previously designated, and to supplement with the two (2) additional experts. Not only is that timely, but it shows that Toyota's reference to "gamesmanship" is unfair, a hollow claim with no justification, and a ploy designed to do nothing other than create the illusion that Counsel was somehow playing a game of manipulation rather than diligently preparing for trial.

Further supporting the unfair and uncharacteristic use of the word "gamesmanship" are the very words and representations of counsel at the hearing on April 7, 2017, when the Court was advised as follows:

> **MR. STONE:** <u>Your Honor, I agree with Mr. Turner. I hope the Court can appreciate we do get along. We disagree a lot, but we do get along quite well</u>. And we do continue to maintain that these additional depositions or the depositions of the TMC witnesses are unnecessary. But no matter what the Court rules, I think there will be some pretty serious scheduling issues, and we welcome an additional status conference, whether by telephone or in person, to address those scheduling issues.

As reflected in Toyota's counsel's comments (Mr. Stone), counsel does get along quite well. We have worked together for decades on these and similar cases. No "gamesmanship" has been involved, and the reference and use of the word "gamesmanship" by Mr. Kern is unnecessary, unwarranted, and inconsistent with the truth. The facts bear out that Plaintiffs did not sit around and wait for anything, but rather diligently proceeded to prepare the case for trial after the Court's ruling on the scope of discovery on April 21, 2017. Plaintiffs acted timely, efficiently, professionally, and diligently in completing factual discovery. Notice of the need to supplement experts was relayed to Toyota some eight (8) months prior to the currently scheduled trial date, well in advance of the time to depose expert witnesses. No shock, surprise, or prejudice exists given the inherent delays already created by the delay in concluding fact discovery.

**CONCLUSION**

In conclusion, all parties realize that supplementation of expert witnesses is an absolute necessity from time-to-time. In fact, Rule 26 requires and demands timely and efficient supplementation. The very purpose of such supplementation is to ensure that all parties are fairly prepared while likewise ensuring that "timely" is not last-minute. Here, Plaintiffs did not wait until the last minute to do anything, but rather worked efficiently and as quickly as possible given that fact discovery completion was delayed for several months by Toyota from April to September. When the need for supplementation arose, Plaintiffs promptly alerted Toyota of that fact (prior to the fact discovery deadline), revealed the nature of the supplementation, and even substantively advised Toyota of the details associated with both the withdrawal of one expert and the addition of Dr. Kennedy and Mr. Gilbert. For all of these reasons, Plaintiffs respectfully request that Plaintiffs' Motion to Amend Expert Witness Disclosure be granted.

Dated this 1st day of December, 2017.

/s/ C. Tab Turner
C. Tab Turner
**TURNER & ASSOCIATES, P.A.**
4705 Somers Avenue, Suite 100
North Little Rock, Arkansas   72116
Ph. (501) 791-2277
Fax (501) 791-1251


**DOWD & DOWD, P.C.**

/s/ Douglas P. Dowd
DOUGLAS P. DOWD (29240)
doug@dowdlaw.net
LIA OBATA DOWD (60999)
lia@dowdlaw.net
211 North Broadway, Suite 4050
St. Louis, Missouri   63102
Ph: (314) 621-2500
Fax: (314) 621-2503

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

        I hereby certify that on December 1, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following:

| | |
|---|---|
| Mr. Stephen M. Strum | Mr. Craig Dupen |
| Ms. Margaret L. Moore | Mr. Kurt Kern |
| **SANDBERG PHOENIX & VON GONTARD, P.C.** | Mr. David Stone |
| | **BOWMAN & BROOKE, LLP** |
| 600 Washington Avenue, 15th Floor | 2501 North Harwood Street, Suite 1700 |
| St. Louis, MO 63101 | Dallas, Texas 75201 |
| Phone: 314.231.3332 | Phone: 972.616.1700 |
| Facsimile: 314.241.7604 | Facsimile: 972.616.1701 |
| sstrum@sandbergphoenix.com | Brian.Mason@bowmanbrooke.com |
| mmoore@sandbergphoenix.com | Kurt.Kern@bowmanbrooke.com |
| | David.Stone@bowmanbrooke.com |
| *Attorneys for Defendants* | |
| *Toyota Motor Corporation and* | *Attorneys for Defendants* |
| *Toyota Motor Sales, U.S.A., Inc.* | *Toyota Motor Corporation and* |
| | *Toyota Motor Sales, U.S.A., Inc.* |

                                ___/s/_ Douglas P. Dowd_____