IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH, AND LLOYD SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC.<br><br>    Defendants. | Cause No. 12:16-CV-24 |

**DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND EXPERT WITNESS DISCLOSURE AND <u>ALTERNATIVE MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (Toyota Defendants) file this motion to strike Plaintiffs' Reply in support of their motion to amend expert witness disclosure (Doc. No. 52) and alternative motion for leave to file sur-reply, and would respectfully show the Court as follows:

1. The Court ordered Plaintiffs to file any motions to amend their expert disclosures to add Mr. Micky Gilbert or Dr. David Kennedy within five days from November 16, 2017, and ordered Defendants to file any responses within five days thereafter. *See* Doc. No. 48. The Court's order did not contemplate the parties filing any additional briefing after Defendants' responses. Accordingly, the Court should strike Plaintiffs' reply and not consider any additional arguments contained therein.

2. In the alternative, the Toyota Defendants ask the Court for leave to file a brief sur-reply to Plaintiffs' motion to amend expert witness disclosure. Much of Plaintiffs' reply consists of blustering complaints or excuses related to the Toyota Defendants' presentation of two

---

**DEFENDANTS' MOTION TO STRIKE AND ALTERNATIVE                                                                                        PAGE 1
MOTION FOR LEAVE TO FILE SUR-REPLY**

corporate representatives for deposition. Plaintiffs continue to suggest that the Toyota Defendants caused a three or four-month delay in fact discovery due to the scheduling of those depositions. Plaintiffs then seem to imply that their at least seven-months-late expert disclosure was somehow due to that delay. However, Plaintiffs never describe a connection between the depositions and Plaintiffs' supposed need to add these two undisclosed experts—because there simply is no connection at all. So even taking Plaintiffs' version of this case history at face value, Plaintiffs still have not provided any substantial justification for their late disclosure.

3. Plaintiffs' reply also includes numerous conclusory pronouncements that the addition of these two expert witnesses is not unfair and does not really change anything or cause any prejudice. To the contrary, Plaintiffs' addition of these experts would indeed be harmful, and their attempt to do so has itself already been harmful to the Toyota Defendants. Plaintiffs' addition of Dr. Kennedy alone would require the Toyota Defendants to retain an additional expert witness and to conduct substantial additional discovery including an independent medical examination. Plaintiffs also pretend that "substituting" Mr. Gilbert for Mr. Arndt on a couple of topics does not change Plaintiffs' presentation of those topics. Quite clearly, there is a difference to the jury in hearing from two separate expert witnesses on behalf of Plaintiffs if the Toyota Defendants are only presenting one expert witness on those same topics. To have a fair opportunity to rebut Plaintiffs' expert opinions, the Toyota Defendants should be entitled to know the number of and identity of Plaintiffs' expert witnesses with sufficient time to retain and complete discovery with appropriate responsive experts. Allowing Plaintiffs to add and re-arrange experts at this late stage, more than nine months after the expert disclosure deadline, would be manifestly unfair.

4. Indeed, the Toyota Defendants are already being harmed by Plaintiffs' ongoing attempts to add these two experts. Under the Court's existing case management order, the parties were supposed to complete expert depositions and all discovery by December 22, 2017.

*See* Doc. No. 44. Plaintiffs have now unilaterally canceled one expert deposition and are taking the position that all expert discovery is on hold pending the Court's resolution of the motion to amend expert witness disclosure. *See* Multiple Correspondence of Counsel, attached as Exhibit A. Thus, the Toyota Defendants are being deprived of the ability to complete discovery and proceed to trial in this already more than four-year-old litigation.

5. Based on the foregoing and based on the Toyota Defendants' original response, the Toyota Defendants respectfully ask the Court to deny Plaintiffs' motion to amend expert witness disclosures.

        Respectfully submitted,

        */s/ DAVID P. STONE*
        KURT C. KERN (Admitted Pro Hac Vice)
        kurt.kern@bowmanandbrooke.com
        DAVID P. STONE (Admitted Pro Hac Vice)
        david.stone@bowmanandbrooke.com
        CRAIG DUPEN (Admitted Pro Hac Vice)
        craig.dupen@bowmanandbrooke.com
        BOWMAN AND BROOKE LLP
        2501 North Harwood Street, Suite 1700
        Dallas, Texas 75201
        (972) 616-1700
        (972) 616-1701 (fax)

        AND

        STEPHEN M. STRUM, #37133
        SANDBERG PHOENIX & von GONTARD P.C.
        600 Washington Avenue
        15th Floor
        St. Louis, MO 63101
        314-446-4282
        314-241-7604 (fax)
        sstrum@sandbergphoenix.com

        ATTORNEYS FOR DEFENDANTS
        TOYOTA MOTOR CORPORATION AND
        TOYOTA MOTOR SALES, U.S.A., INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was electronically served on all counsel of record via the Court's ECF system, this 4th day of December, 2017, to the following counsel of record:

C. Tab Turner
Turner & Associates, P.A.
4705 Somers Avenue
North Little Rock, AR 72116

and

Douglas P. Dowd
Dowd & Dowd, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Attorneys for Plaintiffs

                                                                */s/ DAVID P. STONE*

18838713v1