UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH ) <br> AND LLOYD SMITH, ) <br>     Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> TOYOTA MOTOR CORPORATION ) <br> TOYOTA MOTOR SALES, U.S.A., INC. ) <br>     Respondents. ) | Case No. 2:16CV24 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Amend Expert Witness Disclosure [49] and Defendants' Motion to Strike Plaintiffs' Reply in Support of Plaintiffs' Motion to Amend Expert Witness Disclosure and Alternative Motion for Leave to File Sur-reply [53].

**I.   BACKGROUND**

Plaintiffs originally filed the underlying products liability case in state court on October 28, 2013, and on April 28, 2016, Plaintiffs filed suit in this Court. The Case Management Order was entered on August 12, 2016, and Plaintiffs were given until January 6, 2017 to disclose all expert witnesses. That deadline was extended by this Court to February 2, 2017, and on that day, Plaintiffs served Defendants with an expert disclosure identifying five retained expert witnesses and several non-retained witnesses. An Amended Case Management Order was entered in June 2017, and the trial date was moved from October 2, 2017 to April 23, 2018, and parties were required to complete all witness depositions and complete all discovery in this case no later than December 22, 2017. The Amended Case Management Order also provided, "Any motions to

1

dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than January 5, 2018."

On November 6, 2017, this Court received a letter from Plaintiffs requesting a telephone conference concerning their expert witness disclosures. Plaintiffs informed the Court they were seeking to include two additional expert witnesses to their disclosures, Micky Gilbert and Dr. David G. Kennedy. Plaintiffs claim Gilbert should be added to provide additional testimony on topics they originally intended another expert witness, Mark Arndt, to cover. Arndt was timely disclosed. Plaintiffs further claim Dr. Shepherd will provide testimony on the injuries, the nature and degree of those injuries, and the consequences associated with those injuries.

Plaintiffs stated they had "advised counsel for Toyota of this plan back at the Toyota employee depositions in September." Plaintiffs also suggested "the parties may need to spill over into January in order to complete the depositions," and requested an extension of the deadline. Before the teleconference, the tone of Plaintiffs' letter suggested the Court would be asked to make accommodations to the case management order, but at the telephone conference, it became obvious that Plaintiffs were requesting substantial changes to the case management order which would likely result in prejudice to Defendants. Defendants indicated they would stipulate to a deadline extension, but objected to the addition of the two proposed expert witnesses.
After the teleconference, this Court requested Plaintiffs file a motion formally stating their requests, and the Court rescinded any orders made during the teleconference except in vacating the December 22, 2017 deadline for completing expert witness depositions until it ruled on any motions by Plaintiffs to add expert witnesses.  On November 20, 2017, Plaintiffs filed this Motion to Amend Expert Witness Disclosure [49]. On November 17, 2017, Defendants filed a

2

response objecting to Plaintiffs' motion, and on December 1, 2017, Plaintiffs filed a reply. On December 4, 2017, Defendants filed a motion to strike Plaintiffs' reply.

## II. STANDARD

Under Fed. R. Civ. P. 26(a)(2)(D), parties are required to disclose all expert testimony "at the times and in the sequence that the court orders." "[F]ailure to disclose in a timely manner is equivalent to failure to disclose." *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing *Sylia-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). "If a party fails to provide information or identify a witness…the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). If a party is concerned he or she may not make the deadline, the proper course of action is to ask the Court for an extension. *See Trost*, 162 F.3d at 1008. The court has wide discretion in determining whether the deadline should be extended to allow the inclusion of new expert witnesses to a party's disclosure. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In determining whether a remedy is appropriate, the court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

## III. DISCUSSION

Generally, when parties seek to amend the deadline to disclose expert witnesses they do so before the deadline has passed. In this case, however, Plaintiffs seek to include two new witnesses ten months after the deadline to disclose has passed and one month before the deadline

3

to depose expert witnesses. Plaintiffs have not shown any substantial justification for their remarkably late disclosure of the two proposed expert witnesses. As to Gilbert, Plaintiffs claim he had a scheduling conflict with the original trial date set in this case, and that scheduling conflict prevented him from being timely disclosed. However, the original trial date was rescheduled in June 2017, and Plaintiffs do not explain their lengthy delay in asking this Court to amend their disclosure. In any event, this Court is not bound by the personal schedules of the parties' preferred expert witnesses when setting or amending discovery deadlines. His deposition testimony may be used in his absence. As to Dr. Kennedy, Plaintiffs offer no excuse for their late designation of him as a witness, and instead they merely state his testimony will be more "convenient" than relying on the testimony of the treating physicians.

Likewise, Plaintiffs have not shown the inclusion of these two expert witnesses would be harmless; to the contrary, this Court finds it would be substantially prejudicial to the opposing party and would unnecessarily hinder the progress and efficiency of the case. *See Trost*, 162 F.3d at 1008-09 (finding defendant "would have been significantly prejudiced" by the untimely disclosure because of lack of time to prepare and the "court's trial calendar would be disrupted if a continuance became necessary."); *See also Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 318-19 (N.D. Iowa 2005). Plaintiffs acknowledge they were planning to request this Court amend their disclosure to include these additional experts as early as September 2017. Similarly, although they now argue they are substantially justified in delaying the disclosure of Gilbert because he was unavailable on the original trial date, they have known since June 2017 that the trial date had changed to a different date Gilbert has available. Yet, they waited until just a month before the December 22 deadline to depose him to ask this Court to amend their disclosure. If this Court

4

were to grant their request, it would have to amend the deadline to depose, or Defendants would have only less than a month to depose the new witnesses. Additionally, specifically with respect to the proposed inclusion of Dr. Kennedy, Defendants would be forced to address his recent "independent medical examination" of Plaintiff Kristin Smith because, as it now stands, none of the currently disclosed medical expert witnesses have seen Plaintiff Kristin Smith in the four years since her treatment. This would likely mean Defendants would have to retain a new expert witness and seek their own postponements of both discovery deadlines and the existing trial date. Notably, the deadline for dispositive motions is also fast-approaching.

Plaintiffs have not shown their untimely disclosure is substantially justified or harmless. This Court will not allow a party's unjustified failure to comply with court deadlines to place a substantial burden on the opposing party and hinder the progress of a case that has been ongoing for over four years with a lengthy delay of the trial. Accordingly, Defendants' Motion to Strike Plaintiffs' Reply in Support of Plaintiffs' Motion to Amend Expert Witness Disclosure and Alternative Motion for Leave to File Sur-reply [53] is moot.

At the teleconference, this Court rescinded the deadline to depose and indicated it would extend it into January 2018 upon reviewing any motion by Plaintiffs to include new expert witnesses to their disclosure. Thus, this Court now orders the deadline to depose expert witnesses be extended to January 5, 2018. Likewise, this Court shall extend the deadline for parties to complete all discovery to no later than January 5, 2018. Additionally, any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than January 19, 2018. Briefs in opposition shall be filed within 21 days and any reply briefs

5

shall be filed within 7 days. The date for the final pretrial conference (April 16, 2018) and trial date (April 23, 2018) remain unchanged.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Expert Witness Disclosure [49] is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline to depose expert witnesses shall be extended to January 5, 2018, the deadline to complete all discovery shall be extended to January 5, 2018, and the deadline to file any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings is extended to January 19, 2018.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Reply in Support of Plaintiffs' Motion to Amend Expert Witness Disclosure and Alternative Motion for Leave to File Sur-reply [53] is moot.

So Ordered this 5th day of December, 2017.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**