IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH , AND LLOYD SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC.<br><br>    Defendants. | Case No. 2:16-cv-00024-ERW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANTS' AFFIRMATIVE DEFENSES**

COME NOW Plaintiffs, KRISTIN MARIE SMITH and LLOYD SMITH, and for Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment on Defendants' Affirmative Defenses, and state as follows:

**I.    INTRODUCTION.**

This is a single vehicle rollover product liability case that arises out of a rollover accident that occurred on August 7, 2012, in Lewis County, Missouri. Plaintiff Kristin Smith was driving her 1997 Toyota 4Runner westbound on MO 6, when she lost control of the vehicle in a curve, used a turning maneuver to regain control, and the 4Runner slid and rolled over. Plaintiffs'

Complaint includes strict liability, negligence, and breach of warranty causes of action against Toyota Motor Corporation ("Toyota"), alleging that the subject 4Runner was defective and unreasonably dangerous by design.

The purpose of this motion for summary judgment is to address certain affirmative defenses originally raised in Toyota's Answer, including (a) modification or alteration of the product; (b) superseding and intervening acts of negligence of third parties; (c) state of the art; (d) compliance with federal regulations; and (e) preemption. [Doc. 5] No genuine issue of material fact exists as to each of these defenses and summary judgment is therefore appropriate pursuant to Rule 56.

## II.     APPLICABLE LAW.

### A.  Summary Judgment.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir. 2011) (cit. omit.) The burden is on the nonmovant to do more than simply show there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. *Id*. "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34,* 528 F.3d 1074, 1078–79 (8th Cir. 2008). "To establish a genuine factual issue, a party 'may not merely point to unsupported self-serving allegations.'" *Residential Funding Co., LLC v. Terrace Mortg. Co.,* 725 F.3d 910, 915 (8th Cir.2013) (cit. omit.) "In order to show that disputed facts are material, the party

2

opposing summary judgment must cite to the relevant substantive law in identifying 'facts that might affect the outcome of the suit.'" *Quinn v. St. Louis County,* 653 F.3d 745, 751 (8th Cir. 2011).

### B. Affirmative Defenses.

Affirmative defenses are assertions by a defendant raising new facts and arguments that, if true, will defeat a plaintiff's claim, and a defendant therefore bears the burden of proof with respect to its affirmative defenses. *PNC Bank, Nat. Ass'n v. El Tovar, Inc.,* No. 4:13–CV–1073 CAS, 2014 WL 538810, at *7–8 (E.D. Mo. Feb. 11, 2014).

As with any motion for summary judgment, a movant seeking summary judgment as to an affirmative defense must first "inform [ ] the district court of the basis for its motion and identify [ ] those portions of the record which show a lack of a genuine issue." *Perrin v. Papa John's Intern., Inc.*, 114 F.Supp.3d 707, 720 (E.D. Mo. 2015), citing *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir.1992). There is no requirement that the movant support its motion with materials negating the affirmative defense. *Perrin*, 114 F.Supp.3d at 721. Rather, the party with "the burden of proof on an issue ... must present evidence sufficient to create a genuine issue of material fact to survive a properly supported summary judgment motion." *Id*., citing *Crotty v. Dakotacare Admin. Servs., Inc.,* 455 F.3d 828, 831 (8th Cir. 2006). If a defendant fails to make a showing sufficient to establish an essential element of a defense on which it will bear the burden of proof at trial, Rule 56(c) mandates the entry of summary judgment against it. *See Perrin*, 114 F.Supp.3d at 721 (E.D. Mo. 2015). (cit. omit.)

### III.   DISCUSSION.

#### A.   Plaintiffs Complaint.

Plaintiffs' complaint asserts claims for strict liability, negligence and breach of warranty.

3

(Doc. 01). The strict liability count focuses on design, marketing, and occupant protection defects. The negligence count focuses on design, marketing, testing, and warnings. [Doc. 1]

### B. Alleged Modification or Alteration of the Product.

Toyota's Affirmative Defense No. 17 alleges in part that Plaintiff's claims are barred by "modification or alteration of the product…by persons over whom [Toyota] had no control or no legal duty to control." [Doc. 05, p. 4]

Under Missouri law, modification or alteration of the product is not a defense in a strict liability case where the changes are foreseeable and did not unforeseeably render the product unsafe. *Duke v. Gulf Western Mfg. Co.*, 660 S.W.2d 404, 414, citing *Vanskike v. ACF Industries, Inc.*, 665 F.2d 188, 195 (8th Cir. 1982), *cert denied*, 455 U.S. 1000 (1982). There is no competent evidence of material alterations to the subject 4Runner, much less changes that were unforeseeable from Toyota's perspective. Consequently, Plaintiffs are entitled to summary judgment. The only existing evidence shows that the vehicle had not been unforeseeably modified or changed as of the time of the crash.[1]

### C. Alleged "Superseding or Intervening" Cause.

Defendants' Affirmative Defense No. 17 also alleges in part that Plaintiffs' claims are barred by "other superseding and intervening acts of negligence by persons over whom TMC had no control or no legal duty to control." [Doc. 5, p. 4] This purported affirmative defense can only apply to the intervening or supervening negligence of third parties, other than Plaintiffs and Defendants (and Defendants' employees and agents) who are not parties to this action.[2]

---

[1] See Exhibit 4, Deposition Testimony of Mark William Arndt

[2] Toyota has separately alleged the comparative fault of Plaintiff Kristin Smith in Defendants Affirmative Defense No. 16. (Doc. 05, p. 4)

Missouri law recognizes that an intervening cause will not preclude liability where the alleged intervening act is itself a foreseeable and natural product of the original misconduct. *Wilmes v. Consumers Oil Co. of Maryville*, 473 S.W.3d 705, 724 (Mo.App. 2015). The alleged intervening act must be a new and independent force which so interrupts the chain of events that it becomes the responsible, direct, proximate, and immediate cause of the injury. *Id*. at 723. Even in instances where defendant proves abnormal use of a product – which is not applicable here – superseding causes are methods of absolving the manufacturer of liability and will not apply where the alleged abnormal use was reasonably anticipated by the manufacturer. *Nesselrode v. Executive Beechcraft, Inc*., 707 S.W.2d 371, 381 (Mo. 1986) (a mechanic who placed two parts on the plane incorrectly deemed not an intervening and superseding act because the misplacement was foreseeable).

Here, there is no competent proof that an unforeseeable, intervening and superseding act existed on the part of any third party. Summary judgment as to this defense is therefore warranted.

### D.     Alleged "State of the Art".

Toyota's Affirmative Defense No. 19 alleges that Plaintiffs' claims are barred because the Toyota 4Runner at issue was purportedly "in compliance with the state of the art[.]" [Doc. 5, p. 4] "State of the Art" is a statutory defense set forth in Sec. 537.764 R.S.Mo, which requires proof by Defendants that "the dangerous nature of the product was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce." See *Id*. However, by the express terms of the statute this affirmative defense applies "**only** in an action based upon strict liability for failure to warn of the dangerous condition of a product." *Id.* Given that the complaint does not include a strict liability failure to warn claim, as a matter of

5

law the defense has no application to Plaintiffs' strict liability claims for design defect alleged in the Complaint. [Doc. 1.] Summary judgment is therefore warranted.

### E.     Alleged Compliance with Industry Standards.

Defendants' Affirmative Defenses No. 19 and 23 allege that Plaintiffs' claims are <u>barred</u> because the Toyota 4Runner at issue purportedly "(C)omplied with all applicable government and industry standards[.]" [Doc. 5, pp. 4-5] Again, there is no legal or factual basis for alleging such a defense in this case because no government standards existed that related to rollover propensity, marketing for rollovers or for occupant protection in a rollover. The Missouri legislature has likewise not chosen to recognize a defense of "regulatory compliance" in products liability cases. *See* 537.760 R.S.Mo. et seq. Summary judgment is therefore warranted.

### F.     Alleged Preemption.

Defendants' Affirmative Defenses No. 19 and 23 allege that Plaintiffs' claims are barred because they are purportedly "preempted" under the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. § 30103, et. Seq ("The Safety Act"). [Doc. 5, pp. 4-5]. Toyota's defense is without legal foundation because the Safety Act specifically includes a savings clause under which "[c]ompliance with a motor vehicle safety standard prescribed under this chapter does <u>not</u> exempt a person from liability at common law." 49 U.S.C. § 30103(e). Pursuant to this provision, State common law tort causes of action against motor vehicle manufacturers that might otherwise be preempted are preserved. By including the savings clause in a statute that establishes a regulatory regime involving minimum safety standards, Congress recognized the mutually reinforcing roles of state common law and federal regulations and intended for the savings clause to preserve the availability of state common law.

The United States Supreme Court has unanimously concluded that the Safety Act does *not* expressly preempt "nonidentical state standards established in tort actions covering the same aspect of performance as an applicable federal standard." *See Harris v. Great Dane Trailers, Inc.*, 234 F.3d 398, 400 (C.A.8 (Ark.) 2000), citing *Geier v. American Honda Motor Co.*, 529 U.S. 1913, 120 S. Ct. 1913, 146 L.Ed.2d 914 (2000). While implied preemption may occur under limited circumstances, this is not the case where applicable regulations provide merely a minimum safety standard. *See Harris*, 234 F.3d at 401.  Furthermore, courts have held that a presumption against preemption applies in cases involving motor vehicle safety, and therefore a defendant "bears the burden of showing that it was Congress' "clear and manifest" intent to preempt State law" on the specific asserted defect at issue. *See Chamberlan v. Ford Motor Co.*, 314 F.Supp.2d 953, 962 (N.D. Cal. 2004).

Here, Toyota's preemption claims fail because there are no claims made in the complaint that are preempted under federal law, and Toyota cannot provide a detailed analysis demonstrating an "actual conflict between the claims at issue and a specific federal safety regulations promulgated thereunder." *See Id*. at 963.

WHEREFORE Plaintiffs respectfully request that the Court make and enter its Order Granting Plaintiffs' Motion for Partial Summary Judgment, and for any other relief the Court deems just and proper, the premises considered.

7

DATED THIS 5^(TH) DAY OF JANUARY, 2018.

                                        RESPECTFULLY SUBMITTED

                                        /s/ C. Tab Turner
                                        C. Tab Turner
                                        **TURNER & ASSOCIATES, P.A.**
                                        4705 Somers Avenue, Suite 100
                                        North Little Rock, Arkansas   72116
                                        Ph. (501) 791-2277
                                        Fax (501) 791-1251

                                        *DOWD & DOWD, P.C.*

                                        /s/ Douglas P. Dowd
                                        DOUGLAS P. DOWD (29240)
                                        doug@dowdlaw.net
                                        LIA OBATA DOWD (60999)
                                        lia@dowdlaw.net
                                        211 North Broadway, Suite 4050
                                        St. Louis, Missouri   63102
                                        Ph: (314) 621-2500
                                        Fax: (314) 621-2503
                                      *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on January 5 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following:


Mr. Stephen M. Strum
Ms. Margaret L. Moore
**SANDBERG PHOENIX & VON GONTARD, P.C.**
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
Phone: 314.231.3332
Facsimile: 314.241.7604
sstrum@sandbergphoenix.com
mmoore@sandbergphoenix.com

Mr. Craig Dupen
Mr. Kurt Kern
Mr. David Stone
**BOWMAN & BROOKE, LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Phone: 972.616.1700
Facsimile: 972.616.1701
Brian.Mason@bowmanbrooke.com
Kurt.Kern@bowmanbrooke.com
David.Stone@bowmanbrooke.com

*Attorneys for Defendants*
*Toyota Motor Corporation and*
*Toyota Motor Sales, U.S.A., Inc.*


                /s/Douglas P. Dowd