IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH, AND LLOYD SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC.<br><br>    Defendants. | Cause No. 12:16-CV-24 |

**DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY AND MEMORANDUM IN SUPPORT OF SAME**

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (Toyota Defendants) file this Motion to Exclude Expert Testimony, and would respectfully show the Court as follows:

**I.**
**SUMMARY OF ARGUMENT**

Plaintiffs' experts should be excluded from offering the opinion that the subject vehicle rollover was caused by any alleged defective design of the vehicle. The subject vehicle was demolished after the crash, under the direction of Plaintiff Lloyd Smith and after Mr. Smith had already made the decision to file a lawsuit against Toyota related to the crash. Without the ability to inspect the vehicle itself and without sufficient other evidence regarding the history and condition of the vehicle at the time of the crash, Plaintiffs' experts are entirely unable to rule out or account for other potential causes of the rollover crash. Thus, Plaintiffs' experts could not reliably reach an opinion that the subject rollover was in fact caused by any alleged defective design, and they should be excluded from offering any such opinion in this case.

## II.
## FACTUAL BACKGROUND

This case arises from a single vehicle crash that occurred on August 7, 2012.  Plaintiff Kristin Smith was driving a 1997 Toyota 4Runner when she went off-road to the right, steered back onto the roadway and across the center line, departed the opposite side of the roadway, and overcorrected back to the right forcing the 4Runner to roll over. The subject 4Runner was originally sold in May 1997.  The Smiths purchased it used in approximately 2007, five years before the crash.  Plaintiff Lloyd Smith testified that following the crash, the 4Runner was stored for two or three months at various locations.  During that time, Mr. Smith also testified that he first determined he wanted to file a lawsuit against Toyota only two to four weeks after the crash. Nevertheless, Mr. Smith then made the decision to dispose of the most critical evidence for such a lawsuit and arranged for the 4Runner to be taken to a scrapyard and demolished two or three months after the crash.  The Smiths have now filed this lawsuit against the Toyota Defendants based on the subject crash.

Plaintiffs' experts were recently deposed.  Plaintiff expert Mark Arndt expressed opinions that the subject 4Runner was defectively designed with respect to its rollover resistance and that this alleged defect was the cause of Ms. Smith's rollover.  This motion seeks to exclude Mr. Arndt or any of Plaintiffs' experts from offering opinions that (1) the 4Runner was in the same condition at the time of the crash as the time of its original sale or (2) the alleged defective rollover resistance design of the 4Runner was the cause of Ms. Smith's rollover.

## III.
## ARGUMENT AND AUTHORITIES

The standards governing the admission or exclusion of expert testimony are well-known. District court judges "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Under Federal Rule of Evidence 702, the opinion of an expert witness is reliable if

"(1) it is based on sufficient facts or data, (2) it is the product of reliable principles and methods, and (3) the expert has reliably applied the principles and methods to the facts of the case." *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 624 (8th Cir. 2012). An expert opinion is relevant if "[t]he expert's scientific, technical, or specialized knowledge . . . [will] `assist the trier of fact to understand the evidence or determine a fact in issue.'" *Id.* (quoting Fed. R. Evid. 702). "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).  In this case, Plaintiffs' experts in general, and in particular Mark Arndt, should be excluded from providing any opinions that the subject Toyota 4Runner rolled over in the crash because of an alleged defective design.  Plaintiffs' experts cannot reliably have reached any such opinion because the subject 4Runner was not itself available to be inspected or examined after Plaintiff Lloyd Smith permitted it to be demolished.

A.  **The subject Toyota 4Runner was destroyed post-crash and other evidence of the 4Runner's previous history and condition is incomplete.**

A key issue in this automotive products liability case is whether Plaintiffs' alleged defective condition of the product is what caused the subject rollover crash and Plaintiff Kristin Smith's subsequent injuries.  One important aspect of determining that causation question will of course be whether the subject Toyota 4Runner, at the time of the crash, was in the same or substantially similar condition as it was when first sold with respect to the components or overall characteristics relevant to Plaintiffs' allegations.  Unfortunately, the 4Runner was demolished after the crash and before either Plaintiffs' or the Toyota Defendants' experts had any opportunity to inspect or document the condition of the 4Runner and those components.[1]  Plaintiff Lloyd Smith testified that—even though he decided to file a lawsuit against Toyota two to four weeks after the crash—he later made the decision to have the vehicle demolished for scrap two or three months after the crash.[2]  Therefore, it is not possible to directly compare the

---

[1] *See* Deposition Excerpts of Lloyd Smith, attached as Exhibit 1, at 40:8 – 46:11.
[2] *See id.*

condition of the 4Runner's various components related to vehicle stability and rollover resistance.

Moreover, the subject 1997 4Runner had been owned by at least 1 prior owner for 10 to 14 years before the Smiths purchased it used.[3] According to Lloyd Smith, the 4Runner had approximately 100,000 miles on it when the Smiths purchased it, and by the time of the crash it was just over 200,000 miles.[4] Also according to Lloyd Smith, the prior owner had at least added a brush guard to the front of the 4Runner and a bike rack to the roof, as well as adding a can and air filter to the air filtration system.[5] Clearly, in the history of this 4Runner's existence, there is a period of at least 10 years and 100,000 miles of use for which neither Plaintiffs nor Plaintiffs' experts can reliably account for what else may have been altered, modified, added, or removed from the 4Runner. Another notable item is that Lloyd Smith testified that he removed the added bike rack and the altered air filtration system components when he purchased the 4Runner, that when he replaced the tires he made certain to replace them with the original factory size, and that he was "pretty particular" about keeping the vehicle original.[6] However, the few post-crash photographs of the 4Runner reveal that at the time of the crash, the 4Runner's tires were a larger size than the original equipment tires.[7]

**B.      Plaintiffs' experts do not have sufficient basis to reliably rule out other explanations for the rollover or to reliably opine that the rollover was caused by a design defect.**

A crucial prong of the *Daubert* / Rule 702 expert testimony gate-keeping analysis is that the expert opinion must be based on sufficient facts or data. Additionally, when attempting to offer an opinion as to the cause of an incident or injury, an expert nonetheless should "adequately account for obvious alternative explanations." Fed. R. Evid. 702 advisory committees note to 2000 amendment; *see Lauzon*, 270 F.3d at 693-94 ("After discounting obvious alternatives

---

[3] *See id.* at 18:19 – 19:24.
[4] *See id.*
[5] *See id.* at 21:6 – 22:18.
[6] *See id.*
[7] *See* Deposition Excerpts of Mark Arndt, attached as Exhibit 2, at 116:4 – 117:9.

through scientific testing, . . . [the expert] need only be able to explain why other conceivable causes are excludable.").  Here, in the absence of the subject 4Runner and with an enormous period of the 4Runner's history unaccounted for, Plaintiffs' experts simply do not have sufficient data to reliably discount the possibility that the subject 4Runner's rollover resistance relevant components or characteristics had been altered from the time of its original sale.

Plaintiffs' expert Mark Arndt testified that in his work he customarily inspects the subject vehicle and that he prefers to be able to conduct an inspection.[8]  He also admitted that post-sale modifications such as installation of a lift kit or suspension component alterations could affect the rollover resistance of the vehicle.[9]  So, even though Mr. Arndt was unable to inspect the 4Runner, and even though Mr. Arndt has no information about what may or may not have happened to the 4Runner in the more than 10 years and 100,000 miles before it came into the Smiths' possession except that one of the prior owners did in fact make numerous alterations and additions to the 4Runner, and even though Mr. Arndt admits that some common post-sale modifications could alter the rollover resistance of the 4Runner—Mr. Arndt simply waves the missing information and alternative causes for the rollover away.

Mr. Arndt clearly has insufficient facts and data about the history and actual condition of the 4Runner at the time of the crash that prevents him from reaching a reliable opinion as to whether the 4Runner's rollover resistance components and characteristics were in the same condition from the time when it was sold.  Accordingly, Mr. Arndt also cannot reliably exclude several alternative causes for the rollover and cannot reliably reach the opinion that the rollover was caused by his alleged defect.  Neither Mr. Arndt nor any of Plaintiffs' experts should be allowed to express such opinions at the time of trial, and the Court should exclude them under the principles of *Daubert* and Rule 702.

---

[8] *See id.* at 113:13-20.
[9] *See id.* at 145:6-23.

# IV.
# CONCLUSION

Plaintiffs' experts cannot reliably conclude that the subject rollover crash was caused by a defect in the Toyota 4Runner, primarily because without the subject vehicle or sufficient information regarding its history and condition at the time of the crash, Plaintiffs' experts cannot rule out alternative explanations for the rollover. Accordingly, the Court should exclude all of Plaintiffs' experts from offering such testimony at the trial of this case.

Respectfully submitted,

/s/ DAVID P. STONE
KURT C. KERN (Admitted Pro Hac Vice)
kurt.kern@bowmanandbrooke.com
DAVID P. STONE (Admitted Pro Hac Vice)
david.stone@bowmanandbrooke.com
CRAIG DUPEN (Admitted Pro Hac Vice)
craig.dupen@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

AND

STEPHEN M. STRUM, #37133
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue
15th Floor
St. Louis, MO 63101
314-446-4282
314-241-7604 (fax)
sstrum@sandbergphoenix.com

ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, U.S.A., INC.

**CERTIFICATE OF SERVICE**

  The undersigned certifies that a copy of the foregoing was electronically served on all counsel of record via the Court's ECF system, this 19th day of January, 2018, to the following counsel of record:

C. Tab Turner
Turner & Associates, P.A.
4705 Somers Avenue
North Little Rock, AR 72116

and

Douglas P. Dowd
Dowd & Dowd, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Attorneys for Plaintiffs

                /s/ DAVID P. STONE

19028393v1