UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH ) | |
| AND LLOYD SMITH, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:16CV24 ERW |
| ) | |
| TOYOTA MOTOR CORPORATION ) | |
| TOYOTA MOTOR SALES, U.S.A., INC. ) | |
|     Respondents. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Exclude Expert Witness Testimony [58].

## I. BACKGROUND

On August 7, 2012, Plaintiff Kristin Smith was driving her 1997 Toyota 4Runner ("4Runner") on MO-6. As Ms. Smith was rounding a curve, she lost control of the vehicle, crossed the center line to the opposite side of the roadway, crossed back over to the right, and eventually rolled over several times in the vehicle. Parties dispute the facts immediately leading up to the vehicle roll-over. Two or three months after the vehicle crash, Plaintiff Lloyd Smith, Ms. Smith's husband, took the 4Runner to the scrapyard where it was destroyed. Plaintiffs had purchased the vehicle from a previous owner approximately five years before the crash and ten to fourteen years after it was originally sold.

On October 28, 2013, Plaintiffs filed a products liability case in state court, and on April 28, 2016, Plaintiffs filed suit in this Court against Toyota Motor Corporation and Toyota Motor Sales, U.S.A. (collectively, "Defendants"). Plaintiffs claim the vehicle crash was a result of an

1

alleged product defect of the 4Runner which caused the vehicle to be unreasonably dangerous and defective. Defendants deny there was any defect in the 4Runner. They raise several affirmative defenses in their Answer, including modification or alteration of the product.

Defendants have filed a motion to exclude the testimony of Plaintiffs' experts opining (1) the 4Runner was in substantially the same condition at the time of the crash as when it was first sold and (2) the rollover was caused by a design defect. Chiefly, Defendants allege Plaintiffs have failed to identify a sufficient foundation and reliable methodology to support any opinion on these points because their experts were unable to inspect the vehicle, which was demolished two to three months after the accident. Defendants further note the vehicle was over 15 years old registering approximately 200,000 miles, and it had previous owners who performed several known modifications. They argue experts cannot reliably rule out other potential causes for the rollover.

Plaintiffs respond the expert witnesses were fully capable of offering reliable opinions based on proven and accepted scientific methodologies without having access to the vehicle. Specifically, Mr. Arndt relies on scene photographs, physical evidence present at the scene of the accident, police investigation records, first responder reports and testimony, scene witness statements and depositions, accepted reconstruction tools and methodology, his own vehicle testing, vehicle testing and records produced by Toyota, and the inspection and testing of exemplar vehicles and components.

In their reply, Defendants state Plaintiffs' response focuses on proffered expert opinions not challenged by Defendants in their motion to exclude. They specifically state they have not sought to exclude testimony related to Mr. Arndt's accident reconstruction opinions, but rather,

Defendants ask this Court to exclude any testimony by Mr. Arndt opining the vehicle was in the substantially same condition at the time of the crash as when it was first sold and the rollover incident was caused by an alleged design defect.

Though Defendants ask this Court to exclude testimony on these two issues by all of Plaintiffs' experts, the briefs provided by both parties focus on the testimony of Plaintiffs' expert, Mr. Arndt. Additionally, both Defendants and Plaintiffs have filed motions for summary judgment [55, 57].

**II.    DISCUSSION**

Federal Rule of Evidence 702 provides that a court may permit opinion testimony from a witness qualified as an expert if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. To be admitted under Rule 702, proposed expert testimony must meet three prerequisites: 1) any evidence based on scientific, technical or other specialized knowledge must be useful to the fact finder in determining a fact in issue; 2) the proposed witness must be qualified to assist the fact finder; and 3) the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Id.; Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993).[1]

A district court's goal in assessing expert testimony is to ensure that "all scientific testimony is both reliable and relevant." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir.

---

[1] The analysis provided in *Daubert* applies to all experts, not just scientific experts. *Kuhmo Tire Co. v. Carmichael,* 526 U.S. 137 (1999).

3

2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). The reliability requirement means "the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid," while the relevance requirement demands "the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Id.* (internal quotations and citations omitted).

However, "the main inquiry is whether the proffered expert's testimony is sufficiently reliable." *First Union Nat. Bank v. Benham*, 423 F.3d 855, 861 (8th Cir. 2005). As long as the expert's testimony "rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert*, 509 U.S. at 590, 596. "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Benham*, 523 F.3d at 862. "Doubts regarding 'whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" *Clark v. Hendrick*, 150 F.3d 912, 915 (8th Cir. 1998)) (quoting *Larabee v. MM & L Int'l Corp.*, 896 F.2d 1112, 1116 n.6 (8th Cir. 1990)).

Generally, "the factual basis of an expert opinion goes to credibility of the testimony, not admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005)); *see also United States v. Coutentos*, 651 F.3d 809, 820 (8th Cir. 2011); *Cole v. Homier Dist. Co.*, 599 F.3d 856, 865 (8th Cir. 2010); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 356 F.3d 850, 858 (8th Cir. 2004). Indeed, the Eighth Circuit has recognized

4

"[e]xpert opinion necessarily involves some speculation." *Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011) (citing *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 760 (8th Cir. 2003)). Accordingly, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

However, "[e]xpert testimony is inadmissible where…it is excessively speculative or unsupported by sufficient facts.'" *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 720 (8th Cir. 2012) (quoting *Barrett*, 606 F.3d at 981); *see also Marmo*, 457 F.3d at 757 ("Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case."). These are generally the cases where testimony 'is so fundamentally unsupported that it can offer no assistance to the jury.'" *Cole*, 599 F.3d at 865 (quoted citations omitted). Likewise, the Eighth Circuit has held "when the layman juror would be able to make a common sense determination of the issue without the technical aid of such an expert, the expert testimony should be excluded as superfluous." *United States v. Kime*, 99 F.3d 870, 885 (8th Cir. 1996). This is because such testimony ceases to assist the factfinder. *Id.* An opinion is not objectionable simply because it embraces an ultimate issue, however, "[o]pinions that 'merely tell the jury what result to reach' are inadmissible." *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) (quoting Fed. R. Evid. 704 advisory committee's note).

Though, as aforementioned, Plaintiffs argue there are several other sources utilized by Mr. Arndt to provide his overall testimony, these sources do not provide the bases for his testimony that the vehicle was in a condition substantially similar to that when it was first sold. Rather, most of these sources support Mr. Arndt's testimony involving his reconstruction of the

scene of the accident, which is unchallenged by Defendants. The only apparent bases to support Mr. Arndt's finding the 4Runner was in the same condition as when it was first sold by Toyota, are his reliance on a "Carfax" report (which does not provide information for any modifications that might have been made to the vehicle), photographs Plaintiffs took of the vehicle, and Plaintiffs' testimony. Nothing prevents Plaintiffs from presenting this evidence at trial for jury consideration, and importantly, nothing indicates this factual issue is one the jury could not determine without the help of an expert. Rather, any expert testimony concerning the issue as to whether the vehicle was in the same or substantially similar condition as when it was first sold would be superfluous to other evidence presented to the jury and should thus be excluded.

Defendants also request this Court exclude all testimony stating the rollover crash was caused by Defendants' alleged design defect. In his deposition, Mr. Arndt testified he intended to share with the jury his opinion that the vehicle was defective because it did not have adequate resistance to rollover. He also asserts he will provide his opinion there are alternative safer designs that were reasonably available at the time the 4Runner was manufactured which would have prevented the alleged defect. To support his findings, Mr. Arndt relies on several of the aforementioned sources including: his own vehicle testing, vehicle testing and records produced by Toyota, the inspection and testing of exemplar vehicles and components, and his own reconstruction of the accident. This Court finds Mr. Arndt's methodology is both reliable and relevant as it can easily be applied to the facts of this case to assist members of the jury in determining whether the design of the 4Runner was defective. Further, Mr. Arndt, in relying on his testing, can appropriately opine as to his own belief that the alleged defect caused the accident in this case. Determining whether or not he is correct in this opinion relates to his

credibility rather than reliability, and that question should be left to the jury. Plaintiffs' motion to exclude testimony on this basis will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Expert Testimony [58] is **GRANTED in part** and **DENIED in part**. This Court grants Defendants' request to exclude expert witnesses from testifying as to whether, during the time of the accident, the subject Toyota 4Runner was in the same or substantially similar condition as when it was first sold. This Court denies Defendants' request to exclude testimony by Plaintiffs' expert witnesses opining that the rollover crash was caused by an alleged design defect.

Dated this 13th Day of March, 2018.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**