IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

KRISTIN MARIE SMITH,
AND LLOYD SMITH,

    Plaintiffs,

v.

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.

    Defendants.

Cause No. 2:16-CV-24

**TOYOTA DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
DEPOSITION DESIGNATIONS AND TOYOTA
<u>DEFENDANTS' COUNTER-DESIGNATIONS</u>**

TO THE HONORABLE COURT:

COME NOW, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota") and file their Objections to Plaintiffs' Deposition Designations and their Counter-Designations, and would show as follows:

First, Plaintiffs' deposition designations included two depositions from previous, unrelated cases from the instant lawsuit—Christopher Tinto's deposition from a case called *Hunsberger v. Toyota Motor Corporation*, taken in March 2005, and Don Cecconi's deposition from *McCathern v. Toyota Motor Corporation*, taken in March 1997.[1]  Plaintiffs should not be allowed to designate such testimony from these previous, unrelated cases.  Plaintiffs never disclosed the transcripts of these depositions to the Toyota Defendants in this case.[2]  At most, purported rough copies of these

---

[1] *See Pls. Deposition Designations* (Doc. 88)
[2] Plaintiffs' Initial Disclosures broadly and vaguely noted that 15 past or present employees of various Toyota entities "have been deposed in 4Runner litigation" and that "Defendants have knowledge of this testimony."  *See* Pls. Initial Disclosures at 1-2, attached as <mark>Exhibit 1</mark>.  However, the specific case names were not revealed, and

deposition transcripts along with numerous others (in .txt and other editable, informal file types) were contained within the electronic file materials of Plaintiffs' expert Mark Arndt, produced for the first time at his deposition on December 13, 2017. Using those rough purported copies, the Toyota Defendants have made more specific objections to the designated testimony below. However, the entirety of the designated deposition testimony of Christopher Tinto and Don Cecconi should be excluded under the applicable evidentiary rules.

Plaintiffs have not provided, and presumably do not have, true official copies of the cited deposition transcripts—complete with signature pages, court reporter certifications, returned errata sheets if any, etc. Accordingly, Plaintiffs are unable to satisfy the foundational requirement of bringing forth sufficient evidence that these deposition transcripts are what they purport to be. *See* Fed. R. Evid. 901.

Moreover, the statements within these deposition transcripts constitute inadmissible hearsay for which no exception applies. *See* Fed. R. Evid. 801, 802. The Rule 804 hearsay exception applicable to former testimony requires the proponent to show both that the declarant is unavailable and that (1) the testimony was given at a trial, hearing, or deposition; and (2) the testimony is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination. *See* Fed. R. Evid. 804(a), (b)(1). These two depositions of Mr. Tinto and Mr. Cecconi, taken in separate cases twenty and thirteen years ago, certainly do not meet this standard. The relevant Toyota entities involved in those previous cases would not have had the same motivation to seek testimony from their own witnesses that could have been presented instead at trial. These were, in effect, discovery depositions at which the respective plaintiffs' counsel were seeking discovery

---

Plaintiffs did not produce to the Toyota Defendants any copies of the formal transcripts of such depositions if Plaintiffs have any in their possession.

information from the Toyota witnesses.  There would have been no reason for the Toyota entities in those cases to conduct what would have amounted to a full-scale trial direct or re-direct examination of their own witnesses in the deposition context.  The Toyota Defendants in this case would thus be unfairly prejudiced if the unequally examined deposition testimony of previous Toyota entity employees from over a decade or two ago were to be admitted in this case.

Further to the more global objections to the Tinto and Cecconi deposition designations above, the Toyota Defendants also object to Plaintiffs' deposition designations as follows:

### Christopher Tinto
### (Objections)

| Plaintiffs' OFFERS (Pg:Line – Pg:Line) | Defendants OBJECT (Pg:Line – Pg: Line) |
|---|---|
| 54:2 – 54:14 | 401,402,403; injects other incidents, assumes facts not in evidence |
| 71:18 – 72:13 | 401, 402, 403, 602, 701; calls for speculation, vague, lacks foundation |
| 75:16 – 76:9 | 401, 402, 403, 602; calls for speculation, vague, lacks foundation |
| 77:10-15 | 401, 402, 403; vague, assumes facts not in evidence |
| 83:8-10 | 401, 402, 403; witness's lack of knowledge not relevant |
| 90:10-15 | 401, 402, 403; 801, 802; 1002 |
| 90:16 – 91:19 | 401, 402, 403; 602; 701; 1002; lacks foundation |
| 96:5-14 | 403, 602, 701, 801, 802, 1002, lacks foundation |
| 122:7 – 124:4 | 403, 602, 901, 1002, lacks foundation |
| 138:21 – 139:11 | 403, 901, assumes facts not in evidence |
| 140:22 – 141:13 | 401, 402, 403 |
| 141:20 – 142:18 | 801, 802, 901, 1002, assumes facts not in evidence |
| 143:3-6 | 801, 802, 901, 1002, assumes facts not in evidence |
| 152:7 – 153:12 | 403, 602, 901, 1002, lacks foundation |

### Christopher Tinto
### (Counter Designations)

| Pg:Line – Pg:Line |
|---|
| 11:11 – 12:3 |
| 74:10 – 74:18 |

## Don Cecconi
### (Objections)

Globally, the Toyota Defendants object to all of Plaintiffs' designated Don Cecconi testimony as irrelevant and/or more confusing, prejudicial, time-wasting than any limited relevance as marketing/advertising issues are now irrelevant in light of the Court's Memorandum and Order of April 3, 2018 (Doc. 103). *See* Fed. R. Evid. 401, 402, 403.  The Toyota Defendants also specifically object as follows:

| Plaintiffs' OFFERS (Pg:Line – Pg:Line) | Defendants OBJECT (Pg:Line – Pg: Line) |
|---|---|
| 16:22 – 17:7 | 401, 402, 403, 602, calls for speculation, lacks foundation |
| 20:25 – 21:15 | 401, 402, 403, 602, 701, calls for speculation, lacks foundation |
| 22:14-18 | 401, 402, 403, 602, 701, calls for speculation, lacks foundation |
| 30:1 – 31:1 | 401, 402, 403, misstates prior testimony, improper impeachment |
| 73:15 – 74:15 | 401, 402, 403, 1002, calls for speculation, lacks foundation |
| 77:12-17 | 401, 402, 403, 1002, calls for speculation, lacks foundation |
| 77:20 – 79:1 | 401, 402, 403, 602, 701, 1002, calls for speculation, lacks foundation |
| 79:7-13 | 401, 402, 403, injects other incidents |
| 80:4-13 | 401, 402, 403, 1002 |
| 80:14 – 82:5 | 401, 402, 403, 602, 701, calls for speculation, lacks foundation |
| 83:3-23 | 401, 402, 403, 602, 701, calls for speculation, lacks foundation |
| 84:1 – 85:1 | 401, 402, 403, 602, 701, 1002, calls for speculation, lacks foundation |
| 100:21 – 101:7 | 401, 402, 403, 701, calls for speculation |
| 105:6 – 106:2 | 401, 402, 403, 602, 701, 1002 |
| 108:8 – 109:1 | 401, 402, 403, calls for speculation |
| 112:22 – 113:24 | 401, 402, 403, 602, 701, calls for speculation, lacks foundation |
| 122:3 – 123:2 | 401, 402, 403, 602, 701, 901, 1002, calls for speculation |
| 123:7 -- 125:9 | 401, 402, 403, 602, 701, 901, 1002, calls for speculation, assumes facts not in evidence, argumentative |
| 141:9 – 142:2 | 401, 402, 403, 602, calls for speculation |
|  |  |

## Kozo Oyama
### (Objections)

| Plaintiffs' OFFERS (Pg:Line – Pg:Line) | Defendants OBJECT (Pg:Line – Pg: Line) |
|---|---|
| 11:18-12:18 | relevance, 402, 403. Injects other incidents |
| 18:1-21:2 | relevance 402, 403. DPA not relevant and unduly prejudicial |
| 62:21-65:7 | relevance 402, 403. Other vehicles not relevant |
| 68:22-71:2 | relevance 402, 403. Other vehicles not relevant |

## Motoki Shibata
### (Objections)

| Plaintiffs' OFFERS (Pg:Line – Pg:Line) | Defendants OBJECT (Pg:Line – Pg: Line) |
|---|---|
| 19:13-23 | relevance, 402, 403 and injects other incidents |
| 20:4-8 | relevance, 402, 403 and injects other incidents |
| 20:19-22 | relevance, 402, 403 and injects other incidents |
| 21:17-22 | relevance, 402, 403 and injects other incidents |
| 23:20-24:24 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 27:23-28:6 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 29:19-30:1 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 30:5-30:18 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 32:9-13 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 33:7-22 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 33:25-34:12 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 35:9-15 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 36:10-41:6 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 41:20-42:5 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 42:13-43:3 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 43:13-44:24 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 46:7-46:25 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 47:3-47:17 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 47:25-48:7 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 48:18-49:25 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 50:4-15 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 50/22-51/4 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 53/12-21 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 54/4-20 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 55/6-14 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 56/1-24 | relevance, 402, 403. Testimony re seatbelts is irrelevant |

| Plaintiffs' OFFERS (Pg:Line – Pg:Line) | Defendants OBJECT (Pg:Line – Pg: Line) |
|---|---|
| 56/25-58/8 | relevance, 402, 403 and injects other incidents |
| 59/14-61/25 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 62/1-5 | to relevance, 402, 403. Testimony re seatbelts is irrelevant and misstates facts |
| 62/14-16 | to relevance, 402, 403. Testimony re seatbelts is irrelevant, misstates facts |
| 62/25-65/9 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 65/16-66/12 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 67/4-68/10 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 70/21-71/12 | relevance, 402, 403. Testimony re seatbelts is irrelevant |
| 72/11-16 | relevance, 402, 403. Testimony re seatbelts is irrelevant |

Respectfully submitted,

*/s/ DAVID P. STONE*

**KURT C. KERN** (Admitted Pro Hac Vice)
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE** (Admitted Pro Hac Vice)
david.stone@bowmanandbrooke.com
**CRAIG DUPEN** (Admitted Pro Hac Vice)
craig.dupen@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas  75024
(972) 616-1700
(972) 616-1701 (fax)

AND

STEPHEN M. STRUM, #37133
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue
15th Floor
St. Louis, MO 63101
314-446-4282
314-241-7604 (fax)
sstrum@sandbergphoenix.com

ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, U.S.A., INC.

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing was electronically served on all counsel of record via the Court's ECF system, this 9th day of April, 2018, to the following counsel of record:

C. Tab Turner
Turner & Associates, P.A.
4705 Somers Avenue
North Little Rock, AR 72116

and

Douglas P. Dowd
Dowd & Dowd, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Attorneys for Plaintiffs

                                                */s/ DAVID P. STONE*