**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| KRISTIN MARIE SMITH,<br>AND LLOYD SMITH,<br><br>      Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, AND<br>TOYOTA MOTOR SALES, U.S.A., INC.<br><br>      Defendants. | Case No. 2:16-cv-00024-ERW |

**PLAINTIFF LLOYD SMITH'S MOTION TO VOLUNTARILY DISMISS
LOSS OF CONSORTIUM CLAIM WITH PREJUDICE**

COMES NOW Plaintiff Lloyd Smith and for his Motion to Voluntarily Dismiss Loss of Consortium Claim with Prejudice pursuant to Fed.R.Civ.P. 41(a)(2), states as follows:

1.     Fed.R.Civ.P. 41(a)(2) provides that a party may voluntarily dismiss a claim with leave of court.

2.     Plaintiff Lloyd Smith has brought a single claim for Loss of Consortium under Count IV of Plaintiff's Complaint, which is entirely derivative of Plaintiff Kristin Smith's claim. Mr. Smith has requested that his loss of consortium claim be dismissed with prejudice.

3.     Dismissal of Lloyd Smith's claim for loss of consortium with prejudice will further the ends of judicial efficiency by narrowing and clarifying the issues to be decided at trial and by limiting the scope of evidence at trial.  Counsel for Plaintiffs has conferred with counsel for Toyota, who do not consent to the dismissal of Lloyd Smith's loss of consortium claim with prejudice.

1

4.      Plaintiffs will not put on evidence relating to Lloyd Smith's claim at trial, and will not seek to submit any claim for Lloyd Smith to the jury. *See Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) (Holding that district court abused its discretion in denying plaintiff's motion to dismiss with prejudice, stating "We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff …A plaintiff should have the same right to refuse to offer evidence in support of his claim that a defendant has").

5.      Furthermore, Lloyd Smith does not seek to dismiss "to escape an adverse decision nor seek a more favorable forum" because dismissal with prejudice will terminate his claims as a matter of law. *See Santander Bank, N.A. v. Moody Leasing Co., LLC*, 2016 WL 7238819, at *3 (W.D.Mo. 2016).  In short, there is no possible prejudice to Toyota resulting from the dismissal of Lloyd Smith's claim for loss of consortium.

6.      While the Court has discretion in addressing a Rule 41(a)(2) motion to dismiss, courts have consistently held that a plaintiff's request for voluntary dismissal should be granted where it is with prejudice.  *See Smoot*, 340 F.2d at 303; *Metro Media Entertainment, LLC v. Steinruck*, 2014 WL 4268838, at *2 (D.Md. 2014) (Granting motion for voluntary dismissal with prejudice despite objections of defendant and noting that "district courts ordinarily must grant a plaintiff's request for voluntary dismissal with prejudice[.]"); *Environmental Dynamics, Inc. v. Robert Tyer and Associates, Inc*., 929 F.Supp. 1212, 1227 (N.D.Iowa1996) (granting motion for voluntary dismissal with prejudice and noting that there was no prejudice to defendants because the "parties will benefit from the clarification and narrowing of issues for trial in this matter") *See also* 9 Charles A. Wright & Arthur R. Miller § 2367 (3d ed. 2008) (Noting general rule that, where a plaintiff's Rule 41(a)(2) motion specifically requests dismissal with prejudice, the district court must grant that request.)

7.     For all of these reasons, Plaintiff respectfully moves the Court to grant his Motion to Voluntarily Dismiss Loss of Consortium Claim with Prejudice.

WHEREFORE Plaintiff Lloyd Smith respectfully moves the Court make and enter its Order granting Plaintiff's Motion to Voluntarily Dismiss Loss of Consortium Claim with Prejudice.

DATED April 20, 2018                              RESPECTFULLY SUBMITTED,

                                                  **DOWD & DOWD, P.C.**

                               By:     /s/ Douglas P. Dowd
                                       DOUGLAS P. DOWD (29240)
                                       doug@dowdlaw.net
                                       LIA OBATA DOWD (60999)
                                       lia@dowdlaw.net
                                       211 North Broadway, Suite 4050
                                       St. Louis, Missouri   63102
                                       Ph: (314) 621-2500
                                       Fax: (314) 621-2503

                                       AND

                                       C. Tab Turner
                                       **TURNER & ASSOCIATES, P.A.**
                                       4705 Somers Avenue, Suite 100
                                       North Little Rock, Arkansas   72116
                                       Ph. (501) 791-2277
                                       Fax (501) 791-1251

                                       *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following:


Mr. Stephen M. Strum
**SANDBERG PHOENIX & VON GONTARD, P.C.**
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
Phone: 314.231.3332
Facsimile: 314.241.7604
sstrum@sandbergphoenix.com

*Attorneys for Defendants*
*Toyota Motor Corporation and*
*Toyota Motor Sales, U.S.A., Inc.*


Mr. Kurt Kern
Mr. David Stone
Mr. Craig Dupen
**BOWMAN & BROOKE, LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Phone: 972.616.1700
Facsimile: 972.616.1701
Kurt.Kern@bowmanbrooke.com
David.Stone@bowmanbrooke.com
Craig.Dupen@bowmanbrooke.com

*Attorneys for Defendants*
*Toyota Motor Corporation and*
*Toyota Motor Sales, U.S.A., Inc.*


/s/ Douglas P. Dowd