UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTIN MARIE SMITH<br>AND LLOYD SMITH,<br>　　Plaintiffs,<br><br>　　vs.<br><br>TOYOTA MOTOR CORPORATION<br>TOYOTA MOTOR SALES, U.S.A., INC.<br>　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:16CV24 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion in Limine [100] and Plaintiffs' Motion in Limine [115]. This Court has reviewed the supplemental memoranda filed by parties [126, 127], and it makes the following findings.

　　A.　　<u>Plaintiffs' Motion in Limine Regarding Fault of Third Parties</u>

Plaintiffs have asked this Court to exclude evidence of fault allegations as to third parties, and more specifically, at the pretrial conference, Plaintiffs asked this Court to prohibit Defendants from relying on any allegations contained in a complaint Plaintiffs filed with a state court against MoDOT regarding the same vehicle crash. Plaintiffs relied on *Fahy v. Indsutries*, 740 S.W.2d 635, 642 (Mo. banc 1987), which held, "General allegations that simply state that plaintiff's damages were caused by some conduct on part of defendant, however, are legal conclusions, not admissions of fact and, as such, are not admissible as admissions against interest." Accordingly, Plaintiffs argued, Defendants could not use any allegations in the state court complaint because they were legal conclusions.

1

This Court notes federal evidentiary law rather than Missouri evidentiary law governs here, and thus *Fahy* is not binding authority. Federal courts have found it permissible for parties to introduce statements in charges and complaints against the party as impeaching evidence at trial. *See Flanner v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 640 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir.1961) (noting the defendants could enter a superseded complaint into evidence at trial but the plaintiffs could also explain alleged admissions in the superseded complaint); *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n. 5 (5th Cir.1983) ("Admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions."); 30B Michael H. Graham, Federal Practice and Procedure § 7026 (interim ed.2000) (explaining that statements in superseded or withdrawn pleadings constitute "evidentiary," as opposed to "judicial," admissions, which "may be controverted or explained by the party"); *cf. Phillips v. Union Carbide*, 2003 WL 1873086, at *2 (E.D.La.2003) ("This more recent answer in 2003, contradicts Plaintiff's earlier admissions in her EEOC charge and her deposition testimony discussed above, and creates a disputed issue of fact.")).

The Court further finds Defendants are attempting to offer factual allegations by Plaintiffs to show that, at one time, Plaintiffs believed there were other factors that could have caused Ms. Smith's accident apart from any fault of Defendants. For instance, the state court complaint includes allegations that there was "loose gravel and/or other material that posed a danger to the driver" on the curve leading up to Ms. Smith's accident. These kind of factual allegations are admissible as a statement made by a party opponent. Accordingly, at this time, this Court will deny Plaintiffs' motion in limine on this issue and will allow Defendants to

introduce evidence of factual allegations contained in the state court complaint. However, Defendants should be reminded they are not allowed to reference Plaintiffs' settlement agreement with MoDOT. Further, before Defendants introduce such evidence, they should approach the bench and inform the Court of their intent to do so and provide the portions they wish to use outside of the presence of the jury.

> B. <u>Plaintiffs' Motion in Limine Regarding Ms. Smith's Driving Record and Alleged Seatbelt Citation</u>

Plaintiffs ask this Court to exclude all evidence related to Ms. Smith's driving record, but in briefing and at the pretrial conference, both parties chiefly addressed a traffic citation issued to Ms. Smith for her failure to wear a seatbelt. At the pretrial conference, Defendants indicated this citation could come in under Federal Rule of Evidence 609(b), which governs when a party can use a criminal conviction in order to impeach a witness; however, Defendants have failed to show this citation constituted a "crime." At most, they have shown this is considered a "bad act" falling under Rule 404(b), which generally prohibits the introduction of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." In that respect, Defendants note Rule 404(b) allows the introduction of bad acts if it bears on a relevant issue, such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. However, the only other purpose cited by Defendants to introduce this evidence is to impeach Ms. Smith as a witness. If this attempted use of evidence should be proper under Rule 404(b), the citation is over ten years old, and is too remote in time for any probative value to outweigh its prejudicial effect.[1] Accordingly, this Court grants Plaintiffs'

---

1 This Court finds it persuasive that Rule 609(b) has a limit on impeachment evidence of crimes, if more than ten years has passed since the witness's conviction. In that case, the probative value

3

motion seeking to exclude evidence of Ms. Smith's driving record as it relates to this particular citation.

    C.    <u>Defendants' Motion in Limine Regarding the Untimely Medical Records of Dr. Childress</u>

This Court has further reviewed Rule 26(e) and Rule 37(c). Rule 26(e) requires parties to supplement or correct disclosures made under Rule 26(a), which requires parties to produce, without awaiting a discovery request, copies of all documents the opposing party may use to support its claims or defenses. Here, medical records detailing Ms. Smith's injuries and progress are clearly documents Plaintiffs might use to support their claim, and thus required to be disclosed under Rule 26(a). Yet, Plaintiffs waited until February 6, 2018 –almost a month after the discovery deadline—to produce Mr. Childress' medical records for Ms. Smith from 2015 through 2017. These newly produced records show Ms. Smith is still getting treatment from Dr. Childress and is not progressing as well as the other records indicate. Under Rule 26(e), Plaintiffs should have supplemented their original provision of Dr. Childress' records with the more recent medical records as their initial disclosure "in a timely manner" as their initial disclosure was "incomplete." They failed to do so, and thus, Plaintiffs cannot now use this evidence at trial unless it was substantially justified or harmless, which they have not proved. Fed. R. Civ. P. 37(c)(1). Accordingly, this Court will grant Defendants' motion seeking to exclude the records of Dr. Childress from 2015-2017.

---

must *substantially outweigh* the prejudicial effect. Applying those principles to "bad acts" under Rule 404(b), this Court finds Ms. Smith's citation should not be permitted to be introduced as evidence to impeach her.

D. <u>Plaintiffs' Motion in Limine Regarding Evidence on Failure to Wear a Seatbelt</u>

Defendants informed the Court on April 17, 2018, they are planning to present evidence Ms. Smith was ejected from the vehicle and indicated they would also present evidence she was not wearing her seatbelt. Plaintiffs have not responded as to whether they will present evidence Ms. Smith was belted at the time of the rollover. This Court will hold at this time Defendants are permitted to introduce evidence Ms. Smith was ejected from the vehicle. Should either party intend to offer an explanation for the ejection, namely concerning whether Ms. Smith was belted, counsel for the party must approach the bench before voir dire, opening statements, and introduction of any evidence for Court's approval to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine Regarding Fault of Third Parties is **DENIED** as it relates to factual allegations made by Plaintiffs in the relevant state court complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine Regarding Ms. Smith's Driving Record and Seatbelt Citation is **GRANTED** in part. Defendants are not permitted to introduce any evidence related to Ms. Smith's citation for failure to wear a seatbelt.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine Regarding the Untimely Disclosed Records of Dr. Childress is **GRANTED**.

**IT IS FURTHER ORDERED** that regarding Plaintiffs' Motion in Limine Regarding Ms. Smith's seatbelt usage, Defendants are permitted to introduce evidence Ms. Smith was ejected from the vehicle. Should either party intend to offer an explanation for the ejection, namely concerning whether Ms. Smith was belted, counsel for the party must approach the bench

before voir dire, opening statements, and introduction of any evidence for Court's approval to proceed.

So ordered this 20th Day of April, 2018.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**