UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16CV00024 ERW |
| ) | |
| TOYOTA MOTOR CORPORATION ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a request by defense counsel for rulings on admissibility of certain deposition excerpts of Kozo Oyama. Arguments were presented during trial outside of the presence of the jury concerning four separate issues related to the admissibility of parts of a video deposition of Kozo Oyama. The rulings on these issues are as follows.

The objections to questions and answers on page on page 12, lines 4-7 will be ruled as follows. This testimony relates to the witness' testimonial history in prior depositions. The Court concludes the prejudicial effect of allowing this testimony outweighs the probative value. *See* Fed. R. Evid. 403. Accordingly, the Court holds this excerpt should be excluded from evidence.

The second objection by Defendant concerns questions and answers on page 18, line 1 through page 21, line 2. According to the Deferred Prosecution Agreement ("DPA"), Toyota consented to the filing of a one count information charging Toyota with committing wire fraud in violation of 18 U.S.C. § 1343. Toyota admits it misled consumers by concealing and making

false statements about safety-related issues affecting vehicles, each of which caused a type of unintended acceleration.

The issues in this case do not involve unintended acceleration. Plaintiff is attempting to place before the jury information that Toyota confessed to a felony. It is misleading to suggest the felony referenced in the DPA pertains to issues concerning the 1997 Toyota 4Runner's proclivities for rollover resistance. Furthermore, the witness testified he does not know "whether or not that took place in 2014." He also testified he does not know the specifics of the agreement with the government. This attempt to mislead the jury into believing Toyota is guilty of a felony that relates to any issue in this case concerning the 1997 4Runner is totally inappropriate, and the objections are sustained.

The third objection by Defendant concerns testimony found on page 62, line 21 through page 65, line 7. Objections to submitting the questions and answers contained in line 62, line 21 through page 63, line 24 are overruled. Objections to questions and answers on page 63, line 25 through page 64, line 9 are sustained because of lack of knowledge by the witness. Objections to questions and answers on page 64, line 10 through page 65, line 7 are also sustained because of lack of knowledge by the witness.

The fourth and final objection by Defendant concerns testimony found on page 68, line 22 through page 71, line 2. The Court rules the objections to questions and answers contained in this excerpt are sustained. Technicians should prepare two segments overnight, and the Court will make a ruling in the morning at 8:30 a.m. after it is able to review the related video clips. The technicians must be prepared to show questions and answers on page 68, line 22 through page 71, line 2 in the event the Court reverses this ruling and allows the material to be shown.

So Ordered this 23rd day of April, 2018.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**