UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16CV24 ERW |
| ) | |
| TOYOTA MOTOR CORPORATION ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for New Trial [173].

## I. PROCEDURAL BACKGROUND

The underlying products liability claim arises from injuries sustained by Plaintiff from a single-car crash in a Toyota 4Runner. A seven-day jury trial was held, and on May 1, 2018, a jury returned its verdict in favor of Defendant Toyota Motor Corporation on all claims. On May 29, 2018, Plaintiff filed a Motion for New Trial [173].

## II. STANDARD

Following a jury trial resulting in an adverse judgment, a party may move for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A). Under this Rule, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir.1997). Errors in evidentiary rulings

1

are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict. *Diesel Mach., Inc. v. B.R. Lee Indus., Inc*., 418 F.3d 820, 833 (8th Cir. 2005).

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir. 1992) (citing *White v. Pence*, 961 F.2d 776 780 (8th Cir. 1992)). "[T]he 'trial judge may not usurp the functions of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist*., 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237. "The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 36 (1980).

## III. DISCUSSION

Plaintiff moves for a new trial on three grounds. First, Plaintiff alleges she is entitled a new trial because the Court prejudicially erred when it granted summary judgment as to Plaintiff's strict liability for defective seatbelt design of the Toyota 4Runner. On this claim, Plaintiff is effectively requesting this Court alter or amend its order granting in part and denying in part Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 59(e). Though a motion to alter or amend judgment must be served no later than ten days after the entry of the judgment, an order dismissing fewer than all of the claims is not a final judgment. *Auto Servs.*

2

*Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008). The final judgment in this case occurred when the clerk entered judgment on May 1, 2018, and Plaintiff filed this motion on May 29, 2018. Therefore, Plaintiff's motion on this ground will be denied as untimely filed.

Plaintiff next argues this Court prejudicially erred by "effectively eliminating Plaintiff's evidence of other similar incidents" ("OSI"). "The decision whether to admit 'similar incident' evidence is committed to the sound discretion of the district court." *Arabian Agric. Servs. Co. v. Chief Indus.*, 309 F.3d 479, 485 (8th Cir. 2002) (citing *Novak v. Navistar Int'l Transp. Corp.*, 46 F.3d 844, 851 (8th Cir.1995)). "Evidence of prior accidents is admissible only if the proponent of the evidence shows the accidents occurred under circumstances *substantially similar* to those at issue in the case at bar." *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985). As the Eighth Circuit recently recognized, OSI evidence "carries the risk of raising 'extraneous controversial points, lead[ing] to a confusion of the issues, and present[ing] undue prejudice disproportionate to its usefulness." *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 914 (8th Cir. 2017). District courts should carefully consider these concerns "before admitting evidence of a limited number of substantially similar incidents." *Id.*

Here, Defendant asked this Court to "exclude all evidence of any other alleged similar incidents" in its Motion in Limine. Oral argument on this motion was heard at the pretrial conference, and Defendant proposed five criteria as parameters for Plaintiff's proposed OSI evidence. This Court subsequently carefully considered the particular facts of this case and whether Defendant's proposed criteria or the parameters offered by district courts in other cases would successfully eliminate the risks associated with this OSI evidence. *See Adams*, 867 F.3d at 914 (allowing OSI evidence for incidents involving the same model year vehicle, same miles of

use, same driver inputs, same vehicle response to inputs and expert foundation must rely on personal knowledge of driver testimony); *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1080-81 (8th Cir. 2000) (allowing OSI evidence for incidents involving the same model year vehicle, same topographical environment, similar speeds, occurring at a railroad crossing, resulting in a rollover, and involving a collision with a locomotive). It ultimately granted that motion in part and ordered Defendant and its experts to "limit their OSI evidence to no more than five vehicle rollovers involving (1) the same model year vehicle; (2) vehicles with over 100,000 miles of use with no modifications; and (3) the same topographical environment." Courts are not obligated to take into consideration what evidence Plaintiff can or cannot produce in determining "what degree of similarity there must be to make the evidence admissible." *Adams*, 867 F.3d at 913. Rather, courts are only required to limit OSI evidence to "a limited number of substantially similar incidents." *Id.* This Court maintains its three-part standard effectively limited such evidence, and it accordingly did not commit prejudicial error with respect to this ground for new trial.

Finally, Plaintiff argues this Court prejudicially erred by allowing Defendant to introduce evidence of modifications to the vehicle. Plaintiff notes the affirmative defense of product modification requires (1) the modification be unforeseeable and (2) evidence demonstrating the modification rendered the product unsafe. *See Gomez v. Clark Equip. Co.*, 743 S.W.2d 429, 432 (Mo. App. W.D. 1987). However, this Court did not instruct the jury on the affirmative defense of product modification. Rather, this Court allowed reference to and evidence of modifications to the vehicles because the modifications were relevant to other related issues and appropriately before the jury. For instance, the experts of both parties had to opine whether a design defect

caused the accident or whether there were other causes that could explain it. Additionally, Plaintiff and her husband offered inconsistent testimony concerning what modifications they understood had been made to the vehicle.

Plaintiff specifically argues this Court should not have permitted Defendant's expert, Lee Carr, to rely on the declaration of Jon Sell, a prior owner of the vehicle, to opine the vehicle had been modified and that could have affected its stability. In doing so, Plaintiff argues, the Court allowed Defendant to improperly relay hearsay evidence to the jury. This Court did not allow Defendant to submit the underlying declaration for jury consideration, but only allowed Mr. Carr to explain his basis for forming his opinion as to the cause of the crash. Expert witnesses are permitted to rely on potentially inadmissible evidence in forming an opinion if it is of the type reasonably relied on by experts in the field. *See* Fed. R. Evid. 702. Further, Plaintiff was not deprived of any due process rights to confront her witness because no testimonial evidence by Mr. Sell was offered at trial.1

Additionally, "[a]n allegedly erroneous evidentiary ruling does not warrant a new trial unless the evidence was so prejudicial that a new trial would likely produce a different result." *Diesel Mach.,* 418 F.3d at 833 (internal quotation omitted). Overall, there was relatively little evidence and argument related to vehicle modification. Even assuming this Court erred in allowing such evidence and references, that error is highly unlikely to have been the determining factor for the jury in coming to its verdict and a new trial would likely produce the same result. Accordingly, this Court did not commit prejudicial error with respect to this proposed ground for new trial.

---

1 Further, Plaintiff cites section 491.070, RSMo 2017. This Missouri evidentiary rule is not applicable in federal court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial [173] is **DENIED**.

So Ordered this 19th Day of June, 2018.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**