UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTIN MARIE SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16CV24 ERW |
| | ) | |
| TOYOTA MOTOR CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for New Trial [173]. As stated in the Court's Order on June 20, 2018 [183], this Court will rule on the substance of Plaintiff's claim in her Motion for New Trial that "the Court prejudicially erred when it granted summary judgment as to strict liability for defective seatbelt design." Plaintiff is effectively requesting this Court alter or amend its order granting, in part, and denying, in part, Defendant's Motion for Summary Judgment under Federal Rule Civil Procedure 59(e). Accordingly, this Court will treat the motion for new trial on this issue as a Rule 59(e) motion to amend.

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286). "They cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been

1

offered or raised before the entry of judgment." *Deck v. Steele*, 4:12-CV-1527-CDP, 2018 WL 950213, *1 (E.D. Mo. Feb. 20, 2018) (quoting *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933). Rule 59(e) motions are not "intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F.Supp.2d 1099, 1104 (E.D. Mo. Apr. 22, 2013) (internal quotation marks and citation omitted) (emphasis in *Barnett*).

On April 3, 2018, this Court issued an order [103] granting Defendant's motion for summary judgment as to any alleged claim by Plaintiff involving defective seatbelt design. This Court determined Plaintiff was pursuing a claim of negligence per se, which had not been raised until the hearing on the parties' motions for summary judgment. Accordingly, it found Plaintiff had not supplied a short and plain statement of this claim in her Complaint and had not properly "give[n] the defendant fair notice of what [Plaintiff's] claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Weinbach v. Starwood Hotels & Resorts Worldwide*, 4:16-CV-783-JCH, 2017 WL 3621459, *2-3 (E.D. Mo. Aug. 23, 2017). Plaintiff's counsel's own testimony served as ample basis for reaching this ruling.

Over the course of litigation, it was very unclear as to whether any claim related to the design of the 4Runner's seatbelt would be introduced at trial. The Complaint contained only two claims relevant to this subject, a claim of negligence and a claim of strict liability, neither of which expressly mentioned the vehicle's seatbelt. In Plaintiff's strict liability count, Plaintiff argued the vehicle was designed "without adequate and reasonable levels of occupant protection in the event of a rollover." In Plaintiff's negligence count, Plaintiff argued Defendant was negligent in "testing the occupant restraint system to ensure it would operate and function

properly in the event of a rollover, none of which is covered by any federal standards." There was no mention of negligence per se and no mention of FMVSS 209 anywhere in the Complaint.[1] Further, during his deposition, Plaintiff's seatbelt expert, Mr. Meyer, testified counsel for Plaintiff had informed him Plaintiff was not making a claim the seatbelt was defective and that Mr. Meyer was not charged with making any determination related to defective seatbelt design. Rather, Mr. Meyer was asked to give his opinion as to whether, during a rollover, an occupant could be ejected even if she had been wearing her seatbelt.

However, during the hearing on parties' motions for summary judgment, it became apparent Plaintiff did intend to pursue a claim the seatbelt was defectively designed, but on the basis of a theory of negligence per se. At that hearing, counsel for Defendant noted Plaintiff's allegations related to any alleged seatbelt design defect were vague and argued that should Plaintiff pursue such a claim, she did not have sufficient evidence for a jury to find the seatbelt was defective as there were no experts that gave design defect opinions related to the 4Runner's seat belts. Plaintiff's counsel responded Plaintiff did not have to meet that burden to establish a design defect in the 4Runner's seatbelt because Plaintiff was only intending to show Defendant was per se negligent because the 4Runner's seatbelt did not comply with FMVSS 209. At various points throughout the rest of the hearing, Plaintiff's continued to stress Plaintiff was claiming Defendant was negligent per se with respect to the design of the seatbelt because Defendant violated FMVSS 209.[2]

---

1 FMVS 209 states, "seat belt assembly shall provide pelvic restraint whether or not upper torso restraint is provided, and the pelvic restraint shall be designed to remain on the pelvis under all conditions, including collision or roll-over of the motor vehicle."
2 Counsel for Plaintiff specifically stated:

Now, in her Motion for New Trial, Plaintiff is attempting to salvage her claim of defective seatbelt design by reconstructing a claim that is seemingly based on general theories of negligence and strict liability. She argues she had always sought to introduce circumstantial proof "by way of eyewitness testimony, physical evidence, and the performance of the belt in this accident" to show the belt had a design defect based on these theories.[3] This is directly contradictory to the testimony by Plaintiff's counsel at the hearing on the parties' motions for summary judgment indicating Plaintiff was not pursuing a claim which would require such evidence, but rather that Plaintiff was only attempting to prove Defendant was per se negligent by violating FMVSS 209. If Plaintiff wanted to prove to the Court she had enough evidence to establish a design defect claim under traditional theories of strict liability and negligence, Plaintiff should have done so at that hearing or in her briefings prior to this Court's judgment on parties' motion for summary judgment. *See Deck*, 2018 WL 950213, at *1. Plaintiff did not do so

---

> Now, with respect to the issue of the safety belt, Toyota first stood up here and told you that the words "safety belt" don't ever appear in the Complaint. I showed you they do. Now they are saying we just don't understand what this claim is about. The claim is very simply put, it is negligent for a manufacturer to violate a statute. FMVSS 209 is a statute. A violation of the statute can be per se negligent. We don't have to put on a witness. In fact, you probably would not let us ask an expert witness, would you read this statute and tell us whether or not they violated this statute and is that violation of that statute negligence per se? That's an issue for jury instructions.
>
> Plaintiff's Counsel later argued:
>
> Now, when you piece all of that together it's a violation of Federal Motor Vehicle Safety Standard 209, which is per se negligence on the part of and may be considered as evidence of per se negligence on the part of Toyota for purposes of the design of the safety belt system.

3 During the hearing on the parties' motions for summary judgment, counsel for Plaintiff did mention this circumstantial evidence but as it related to proving Plaintiff was belted at the time of the rollover (and therefore not contributorily negligent).

4

and instead chose to pursue a claim of negligence per se. This Court accordingly properly granted summary judgment on "any negligence and strict liability claims by Plaintiffs related to ineffective design of the seatbelt and any claim based on a theory of negligence per se."[4] Allowing Plaintiff the opportunity to relitigate this issue and assert a claim of defective seatbelt design based on general theories of negligence and strict liability would give Plaintiff a "second bite at the apple" and would not serve the purpose of a motion to amend. *See Barnett*, 941 F.Supp.2d at 1104.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial [173] is **DENIED** with respect to this claim.

So Ordered this 25th Day of June, 2018.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**

---

4 As the Court held in its prior order, negligence per se and strict liability are two separate and distinct theories involving two different claims, and the elements required to prove a claim of negligence per se are different from those required to prove a claim of negligence. *See In re Derailment Cases*, 416 F.3d 787, 795 (8th Cir. 2005); *Ough v. Junqing*, 4:16-CV-1881-RLW, 2017 WL 1378084, *2 (E.D. Mo. Apr. 12, 2017).