UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIN MARIE SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16CV24 ERW |
| ) | |
| TOYOTA MOTOR CORPORATION ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Toyota Motor Corporation's Bill of Costs [172].

**I.   BACKGROUND**

The underlying case involves a products liability claim brought by Plaintiff Kristin Smith against Defendant Toyota Motor Corporation related to a one-car accident involving a Toyota 4Runner that Plaintiff had purchased and Defendant had designed. On May 1, 2018, following trial, a jury returned its verdict in favor of Defendant. Defendant filed its Bill of Costs on May 22, 2018 [172]. Plaintiff filed an Objection to the Bill of Costs [176], largely arguing Defendant had filed no supporting documentation for any of the expenses claimed as taxable costs apart from an affidavit by Defendant's counsel. In response, Defendant filed a Reply Memorandum in Support of Bill of Costs [179], which included thirty exhibits. Exhibits 1-24 and 26-29 are copies of relevant invoices and Exhibit 25 is a printout of Defendant's counsel's database reflecting the individual costs incurred, including in-firm printing and copying charges billed to Toyota for this case. Exhibit 30 is an affidavit of Craig Dupen. Plaintiff subsequently filed a Motion to Strike

1

Defendant's Memorandum in Support of Defendant's Bill of Costs or in the Alternative Motion for Additional Time to File Additional Objections [180]. At a teleconference on June 18, 2018, this Court granted Plaintiff seven days to file additional objections and Defendant five days to respond thereafter. Accordingly, on June 26, 2018, Plaintiff filed her Additional Objections to Defendant's Bill of Costs [185] and on July 2, 2018, Defendant filed a Response to Plaintiff's Additional Objections to Defendant's Bill of Costs [186].

## II. ANALYSIS

Rule 54(d) of the Federal Rules of Civil Procedure provides "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal citations omitted). However, upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). A district court's discretion in this regard is broadly construed. *Little Rock Cardiology Clinic PA v. Baptist Health*,

2

591 F.3d 591, 601 (8th Cir. 2009). Plaintiff includes several objections to expenses included in Defendant's Bill of Costs, which this Court will address as follows.

### A. Deposition Expenses

#### 1. Postage and Delivery Expenses

Plaintiff objects to Defendant's requested $487.00 for postage and delivery expenses for the transcripts requested by Defendant for use in this case, citing *Smith v. Tenant Healthsystem SL, Inc.*, 436 F.3d 879, 889-90 (8th Cir. 2006) (holding delivery costs for depositions are nonrecoverable). Defendant stipulates "Eighth Circuit precedent agrees with Plaintiff's position" but argues some of the requested expenses "are not true postage/delivery expenses, but rather 'handling fees.'" This Court notes, however, that both "shipping *and handling* expenses are not recoverable" as they are "delivery expenses." *See E.E.O.C. v. Con-Way Freight*, 4:07CV1638, 2010 WL 577289, *2-3 (E.D. Mo. Feb. 11, 2010) (emphasis added). Therefore, Plaintiff's objection to this cost will be sustained, and Defendant's bill of costs will be reduced accordingly.

#### 2. Administration and Binding Fees

Plaintiff seemingly objects to Defendant's requested $135.00 in expenses related to administrative fees and binding fees, but provides no argument or precedent supporting her objection. Therefore, Plaintiff has not met her burden to overcome the presumption of recoverability, and this Court will overrule Plaintiff's objection to this cost.

#### 3. E-Transcripts, ASCII, and Condensed Transcripts

Plaintiff objects to Defendant's requested additional fees for electronic or additional condensed copies of transcripts as nonrecoverable, citing *Lift Truck Lease & Serv., Inc. v. Nissan Forklift Corp., N. Am.*, 4:12CV153, 2013 WL 6331578, at *3 (E.D. Mo. Dec. 5, 2013).

3

Defendant concedes this precedent supports Plaintiff's stated position. However, Defendant states Plaintiff has included charges for obtaining rough transcripts for certain expert witnesses, including William Van Arsdell ($153.60), Mark William Arndt ($307.50), and Sri Kumar ($109.50). Defendant argues these costs are recoverable as the expert deposition schedule was "incredibly condensed" because of Plaintiff's "repeated unwillingness to present her experts for deposition while Plaintiff attempted to add additional expert witnesses far after the deadline to do so."

In determining whether it was necessary for the parties to obtain rough transcripts of the deposition for use in this case, this Court considers whether they seemed reasonably necessary at the time they were requested. *See Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F.Supp.3d 1071, 1080 (8th Cir. 2015). Here, due to Plaintiff's cancellations of depositions and pending motions to further amend the deadline to disclose expert witnesses, the schedule for expert depositions was largely forced into the bounds of one month, taking place between December 5, 2017, the date this Court ruled on Plaintiff's Motion to Amend/Correct Expert Witness Disclosure [49], and January 5, 2018, the amended deadline to depose expert witnesses. The deposition schedule for Plaintiff's expert witnesses was as follows: Mr. Arndt on December 13, 2017; Dr. Kumar on December 19, 2017; and Dr. Arsdell on December 22, 2017. The depositions for Defendant's experts occurred in the first week of January 2018 up until the January 5 deadline. Defense counsel requested rough copies of transcripts after each of these depositions for counsel's review and use prior to deposing the next expert, and this Court finds it was reasonably necessary for Defendant to do so. Accordingly, it will overrule Plaintiff's objection with respect to this cost.

### 4. Expedited Deposition Charges

Plaintiff objects to Defendant's request for the expedited deposition transcript fees for Mr. Arndt. This Court has previously found it is unclear whether the costs of expedited transcripts are "taxable under § 1920 following the Supreme Court's decision in *Taniguchi v. Kan Pacific Saipan, Limited*, 566 U.S. 560 (2012)." *Golan v. Veritas Entm't, LLC*, 4:14CV00069, 2017 WL 5564538, *3 (E.D. Mo. Nov. 20, 2017) (citations omitted). It has found, however, that when expedited transcripts are "merely a convenience for counsel" and are "not reasonably necessary" to the furtherance of the case, the cost for the expedited transcripts is not recoverable under § 1920. *Id.* Here, Defendant claims the "condensed expert deposition schedule" forced Defendant to request both an expedited deposition transcript and rough deposition transcript for the deposition of Mr. Arndt. However, this Court finds it was not necessary for Defendant to ask for both of these versions in order to prepare for the depositions, even on a tight schedule. Rather, Defendant found it acceptable to only ask for rough transcripts for Dr. Arsdell and Dr. Kumar, and it could have done so too for Mr. Arndt. Accordingly, this Court will sustain Plaintiff's objection to Defendant's request for the expedited deposition transcript fees for Mr. Arndt.

### 5. Archiving Expenses

Plaintiff objects to a $15.00 archiving fee requested by Defendant related to the deposition of Nichole Venegoni. In response, Defendant voluntarily withdraws this requested cost. Therefore, this amount will be deducted from Defendant's claimed cost for deposition expenses.

### 6. Videoconferencing Expenses

Plaintiff objects to Defendant's requested $421.25 in expenses related to videoconferencing. In response, Defendant voluntarily withdraws this requested cost. Therefore, this amount will be deducted from Defendant's claimed cost for deposition expenses.

### 7. Video Depositions

Plaintiff objects to Defendant's requested $540.00 in video deposition expenses. In response, Defendant voluntarily withdraws this requested cost. Therefore, this amount will be deducted from Defendant's claimed cost for deposition expenses.

### 8. Deposition Invoices with No Detail

Plaintiff objects to Defendant's request for $3,224.93 in charges from the deposition invoices of Mr. Klima and Mr. Meyer, stating they are not itemized and merely reflect an overall total. Plaintiff argues there is no way this Court can determine if the entirety of this total is taxable under § 1920. Defendant states Plaintiff has not met her burden to overcome the presumption that the costs are recoverable, but states it will volunteer to reduce its claimed costs by $40.00 for shipping costs, $20.00 per deposition. As stated above, fees associated with delivery of transcripts are not recoverable under § 1920. *See Con-Way Freight*, 2010 WL 577289, at *2-3. This Court cannot accept Defendant's offer to reduce its costs by $40 because there is no way of determining whether this sufficiently covers the nontaxable fees associated with delivery of these transcripts. This Court will, however, give Defendant seven days to submit more detailed invoices or other evidence showing a breakdown of this total, so it can make a ruling on Plaintiff's objection to these costs.

### 9. Deposition Color Copies and Second Copies of Exhibits

Plaintiff objects to Defendant's request for $2,617.95 in "color exhibits and second copies of exhibits" as unrecoverable. However, this Court has held, "[C]osts for copies of deposition exhibits are recoverable to the same extent as their corresponding depositions." *Cowden v. BNSF Ry. Co.*, 991 F.Supp.2d 1084, 1088 (E.D. Mo. 2014) (finding "authenticated deposition exhibits are necessary for use in summary judgment pleadings, which require support with admissible evidence, *see* Fed.R.Civ.P. 56(c), and costs incurred for use in summary judgment proceedings are considered 'necessarily obtained' within the meaning of 28 U.S.C. § 1920."). Other than a case from the United States District Court, Eastern District of Arkansas, *Clark v. Baka*, 4:07-CV-477, 2011 WL 2881710, *3 (E.D. Ark. 2011), Plaintiff has offered no precedent to support her argument that such exhibits are otherwise unrecoverable, and this Court will accordingly overrule Plaintiff's objection to this cost.

### B. Daily Trial Transcript Expenses

Plaintiff objects to Defendant's requested $3,195.20 in charges for daily trial transcripts. Plaintiff cites *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234 (1964), whereby the United States Supreme Court affirmed the trial court's finding that the daily trial transcript costs were not taxable because they were "not indispensable." This finding, however, is not the Supreme Court's announcement of a new standard for evaluating whether items are taxable under § 1920. Rather, the standard is whether the transcripts were "necessarily obtained" for use. 28 U.S.C. § 1920.

In *Cassity*, this Court considered a number of factors when ultimately awarding costs for daily transcripts to the prevailing party. 146 F.Supp.2d at 1082 (citing *United Int'l Holdings, Inc.*

*v. The Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D.Colo.1997) (permitting the recovery of costs for trial transcripts given the length and complexity of the case); *Commerce Oil Refining Corp. v. Miner*, 198 F.Supp. 895, 897 (D.R.I. 1961) (same); *Perks v. Town of Huntington*, 331 Fed.Appx. 769, 770 (2d Cir.2009) (affirming an award of daily trial transcripts because the court and parties extensively relied on them); *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir.2000) (same); *Baker v. John Morrell & Co.*, 263 F.Supp.2d 1161, 1207–08 (N.D.Iowa 2003) (taxing costs for daily trial transcripts where they were used in post-trial motions). Several of these factors are applicable here. In particular, throughout the course of the trial, the parties and this Court relied heavily on the use of daily transcripts, at several instances going back through trial transcripts to reread tentative rulings this Court had made concerning objections involving complex evidentiary issues made by both parties. This Court finds it was thus necessary for both parties to have requested daily trial transcripts, and it will overrule Plaintiff's objection to this cost.

### C. Printing/Copying Charges

Plaintiff objects to Defendant's requested $6,210.25 in printing and copying charges, stating Defendant did not provide enough evidence to prove the copies were "necessarily obtained for use in this case" as required under § 1920(4). In its response, Defendant states it provided sufficient information to support an award for copying costs, citing *Betton v. St. Louis Cty.*, 4:05CV01455, 2010 WL 1948265, *2 (E.D. Mo. May 14, 2010), which states, "While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the best breakdown of the copied material obtainable from its records."

The finding Defendant cites to in *Betton* is a quote from *Montgomery County v. Microvote Corp.*, CV. No. 97-6331, 2004 W.L. 1087196, *27 (E.D. Penn. 2004), and this Court finds the case at hand is more analogous to *Montgomery County* than it is to *Betton.* In *Montgomery County*, the Pennsylvania court also stated, "The party[] seeking costs for copying must provide evidence of the material copied so that the court can determine whether those copies were, in fact, necessary." *Id.* (citation and quotations omitted). The prevailing party had provided reports to prove its taxable copying costs which showed the dates of the copies and the rate that was charged but did not provide any description of what documents were copied. The court ultimately concluded this was insufficient because it could not evaluate the necessity of the costs. *Id.* In *Betton*, however, the prevailing party did provide a description of the types of documents that were photocopied in proving its table copying costs along with the rate charged for the photocopies in response to an Order to Show Cause. 2010 WL 1948265, at 2 This Court found that was sufficient to support an award for copying costs, "particularly given that Defendant did not file an objection to Plaintiffs' costs." *Id.* Here, Defendant has provided the dates and the rate of the copies charged, but has not provided any description for the copies. Accordingly, this Court cannot find the copies are recoverable under § 1920 because there is no indication on the invoices as to whether the copies were "necessarily obtained for use in the case." It will, however, grant Defendant seven days to submit sufficiently detailed invoices proving the amount requested for the copies is recoverable under § 1920(4).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs [172] is **GRANTED, in part,** and **DENIED, in part.**

**IT IS FURTHER ORDERED** that Defendant is given an additional seven days to submit sufficiently detailed invoices or other evidence reflecting the taxable printing and copying charges and expenses for the depositions of Mr. Klima and Mr. Meyer. At that point, this Court will make a ruling on Plaintiff's objections to those costs and provide the final total of costs to be awarded to Defendant.

So ordered this 20th Day of July, 2018.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**